ALBERT L. HAYNES v. THE CITY OF CAPE MAY.

1. The court will inquire into the reasonableness of ordinances passed by a municipal body under legislative authority, where the powers granted are expressed in terms which are general and indefinite. But where the legislature has defined the delegated powers, and prescribed with precision the penalties that may be imposed, an ordinance within the powers granted prescribing a penalty within the designated limit cannot be set aside as unreasonable.

2. The general laws of 1881 (*Pamph. L.*, p. 299), 1882 (*Pamph. L.*, p. 228), and May 2d, 1885 (*Pamph. L.*, p. 317), granting powers to certain municipal bodies to pass ordinances, have not repealed section 21 of the charter of Cape May City, which empowered the city council to impose penalties not exceeding $100 for the violation of ordinances, there being no repugnancy between that section and the acts above named.

On *certiorari* to the Common Pleas.

Argued at June Term, 1887, before Justices DEPUE, VAN SYCKEL and MAGIE.

For the plaintiff in *certiorari*, *H. W. Edmunds.*

*Contra, Leaming & Black.*

The opinion of the court was delivered by

DEPUE, J.   By the first section of the ordinance concerning licenses, adopted by the city council of Cape May July 15th, 1882, it was provided, among other things, that no person or persons should keep or use for hire any hack, carriage or vehicle, used for the transportation of passengers, baggage, merchandise, goods or articles of any kind, without having first obtained a license therefor.

The license fee prescribed for vehicles of this description was $5 if drawn by one horse, and $10 if drawn by two horses.

By the eleventh section a penalty of $100 was fixed for violations of the ordinance.

Suit was brought by the city against Haynes to recover the penalty named in section 11 of the ordinance for the violation of the provisions of section 1, in that he kept or used for hire certain hacks during the summer of 1885, without having first procured. a license therefor, and judgment rendered in favor of the city for $100, the penalty named in section 11, together with costs of suit.

The only reason assigned for a reversal is that the part of the ordinance which prescribes a penalty of $100 is unau-thorized and void.

The charter of the city empowers the city council to make and establish ordinances for certain purposes particularly enumerated, among which are mentioned ordinances to license and regulate hack, cab and omnibus owners and drivers, and carriages and vehicles used for the transportation of passengers, merchandise, &c., and to prohibit unlicensed persons from acting in such capacities. *Pamph. L.* 1875, *p.* 206, § 19, ¶ 25.

Section 21 enacts that in all cases where, by the charter, the city council has authority to pass ordinances on any subject, it may prescribe a penalty or penalties for the violation thereof, either by imprisonment not exceeding thirty days, or by fine not exceeding $100.

The subject matter of this ordinance is embraced within the powers expressly granted to the city council by section 19 of the charter, and the penalty prescribed is within the limit fixed by section 21. The ordinance, in all respects, conforms to the charter of the city.

There are circumstances under which the court will inquire into the reasonableness of ordinances passed by a municipal body under legislative powers granted to it. Those circumstances exist when the powers granted by the legislature are expressed in terms general and indefinite. But where the legislature has defined the delegated powers, and prescribed with precision the penalties that may be imposed, an ordinance within the powers granted, prescribing a penalty within the designated limit, cannot be set aside as unreasonable.

It is insisted by the prosecutor that the power of the city council to pass ordinances on this subject, granted by the city charter, has been superseded by subsequent legislation, and that therewith the provision of the city charter allowing penalties not exceeding $100 for the violation of such ordinances was also superseded.

The legislation referred to for the purpose consists of the acts of 1881 (*Pamph. L., p.* 299), 1882 (*Pamph. L., p.* 228), and the act of May 2d, 1885 (*Pamph. L., p.* 317). Those acts are general laws, in conformity with paragraph 11 of sec-

tion 7 of article 4 of the amended constitution, and must necessarily operate to repeal and supersede provisions of special charters which are repugnant thereto. The inquiry is to what extent they operated to repeal, by implication, the charter of the city of Cape May on the subject of ordinances, and the means of the enforcement thereof, by reason of the repugnancy of those acts to the city charter.

The acts of 1881, 1882 and 1885, are parts of the same legislation. The act of 1881 was amended, and re-enacted as amended by the act of 1882, and again amended and re-enacted as amended by the act of May 2d, 1885. The title of the original act is, "An act respecting licenses in cities, incorporated boroughs, or police, sanitary and improvement commissions, and incorporated camp-meeting associations, or seaside resorts." The amendatory acts are entitled supplements to the original act. The act, as originally passed, and as it stands in the supplements, conferred upon the common council, board of aldermen, or other governing body of the incorporated municipalities or associations mentioned in the title, the power to make and establish ordinances for certain purposes, among which was included licensing and regulating hacks, omnibuses, stages, and other carriages and vehicles used for the transportation of passengers, baggage, merchandise, and goods and chattels of every kind; to fix the rates of compensation to be paid therefor; to prohibit all persons and vehicles unlicensed from acting, using, or being used in such capacities, and for such uses and purposes, and to fix and prescribe penalties for the violation of such ordinances, and that fees for such licenses might be imposed for revenue purposes.

This legislation prescribes no limitation of the penalties that may be imposed for violations of ordinances. The power to prescribe penalties is granted in terms general and indefinite. Hence, it is contended that the ordinances of municipal bodies on such subjects are reviewable with respect to the reasonableness of the penalties prescribed, upon the principle that where the legislature has made no provision with respect to the amount of the penalty to be imposed, the

Bloom v. Stenner.

power to fix the penalty which is imposed is limited to reasonable and proper fines for the breach of such ordinances.

The trial of this ordinance by that judicial standard depends upon whether the charter of the city has in this respect been repealed and abrogated by the acts above mentioned.

The acts of 1881, 1882 and 1885 contain no clause of repealer, special or general. They are expressed in affirmative language, and were designed to confer power upon the municipal bodies mentioned, to make ordinances upon the enumerated subjects, where no such power previously existed, or to enlarge the power of such bodies so as to authorize license fees for revenue purposes. Those acts conferred no additional power on the city council of Cape May, unless it should be to justify license fees for the purpose of revenue. Nor do these acts contain any limitation upon the penalties prescribed for the violation of such ordinances. The power of the city council to fix penalties within designated limits is granted by a distinct section of the city charter. Between the city charter and the acts of 1881, 1882 and 1885, there is in this respect no repugnancy. The section of the city charter which prescribed the penalties the city council might ordain may stand, and yet full effect be given to these acts.

The ordinance under review, when adopted, conformed to the city charter, and it is still in full force and effect.

The judgment should be affirmed, with costs.