OF THE

# STATE OF MISSOURI,

AT THE

OCTOBER TERM, 1893.

*(Continued from Vol. 119.)*

THE CITY OF TARKIO v. COOK, *Appellant.*

Division One, February 5, 1894.

| 120 | 1 |
| 136 | 288 |
| 120 | 1 |
| 148 | 356 |
| 120 | 1 |
| 154 | 126 |
| 120 | 1 |
| 93a 4 | 77 |

1. **Municipal Ordinance**: TITLE: CONSTITUTION. Section 28, article 4, of the constitution which provides that "No bill shall contain more than one subject, which shall be clearly expressed in the title" does not apply to city ordinances unless made expressly applicable by statute.

2. ———: ENACTING CLAUSE. A city ordinance is not void because the enacting clause does not follow the statutory form if the city charter is silent as to the effect of such irregularity.

3. ———: BILLIARD TABLES: CHARTER POWERS. A city may by ordinance provide that no billiard hall shall be kept open, nor games played therein after 9 o'clock P. M., where it is given power generally to pass ordinances to maintain the peace, good government, health and welfare of the city and expressly to regulate billiard tables on which games are played for amusement.

VOL. 120—1 (1)

The City of Tarkio v. Cook.

4. ——: ——: ——. Such ordinance is not void as being oppressive, unreasonable, discriminating and in derogation of common right.

5. ——: FINES. Where the maximum fine prescribed for the violation of a city ordinance is within the limits prescribed by the city's charter, the courts will not inquire whether such fine is reasonable.

6. **Appellate Practice:** COMPETENCY OF JUROR. The competency of a juror will not be reviewed on appeal unless he was challenged and an exception saved to the ruling of the trial court.

7. **Evidence:** CITY ORDINANCE. An ordinance contained in a printed book which is in charge of the proper custodian and purports to have been published by authority of the city and to contain its ordinances, is admissible in evidence without further proof.

*Appeal from Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Hunt & Bailey* for appellant.

(1) This ordinance is clearly violative of section 28, article 4, of the constitution of the state of Missouri, in this: it is double. R. S. 1889, p. 70; *State v. Miller*, 45 Mo. 495; *City of Kansas v. Payne*, 71 Mo. 159; *State ex rel. v. Mead*, 71 Mo. 266. Regulating the room is not germane to the ordinance. *State v. Persinger*, 76 Mo. 346; Cooley's Const. Lim. [5 Ed.], 178; *People v. Parks*, 58 Cal. 624; *Huber v. People*, 49 N. Y., 132; *State ex rel. v. Miller*, 100 Mo. 439; *Murphy v. State*, 73 Tenn. 373; *State v. Burnetl*, 27 Kan. 213; *San Antonio v. Gould*, 34 Texas, 49; *Stewart v. Father Mathews*, 41 Mich. 17; *State ex rel. v. County Ct.*, 102 Mo. 531. (2) The charter of a city is to the ordinances of a city what the constitution of the state is to the laws of the state, and the same rule of construction applies. Constitution of state, art. IX, sec. 7; *Webb v. Lafayette County*, 67 Mo. 363; *Quinette v. City of St.*

*Louis*, 76 Mo. 402. (3) The charter of cities of the fourth class is found in 1 Revised Statutes of 1889, page 446, section 1589. (4) The ordinance does not contain the enacting clause provided for by the statute, nor does the respondent anywhere show that it was passed in accordance with the law. 1 R. S., p. 450, secs. 1596, 1597, 1599. (5) Tarkio being a city of the fourth class, it has only those powers: *First,* which are granted in express words; *second,* those necessarily and fairly implied in, or incident to, the power expressly granted; *third,* those essential to the declared object and purposes of the corporation and can exercise no powers except such as are expressly or by necessary implication granted in the instrument of its creation. 1 R. S. 1889, p. 446, sec. 1589. This ordinance is clearly in violation of the charter of cities of the fourth class. *Knox City v. Thomas,* 19 Mo. App. 523; *Ruggles v. Collier,* 43 Mo. 376; *Thompson v. Schermebom,* 6 N. Y. 92; *St. Louis v. Telephone Co.,* 96 Mo. 623; 1 Dillon on Mun. Corp. [3 Ed.], sec. 89; *City v. Swope,* 79 Mo. 448; *Leach v. Cargil,* 60 Mo. 316; *Corrigan v. Gage,* 68 Mo. 541; *Cape Girardeau v. Riley,* 72 Mo. 221; *St. Louis v. Laughlin,* 49 Mo. 559. (6) The general welfare clause of a charter which follows a long list of specified powers, should not be construed so as to enlarge the powers of the city further than is necessary to carry into effect the specific grant of power. The welfare clause in the charter of cities of the fourth class falls clearly within this rule laid down by the supreme court of this state. 1 R. S. 1889, sec. 1589; *Knapp v. Kansas City,* 48 Mo. App. 485; *Trenton v. Clayton,* 50 Mo. App. 535. (7) The ordinances of municipal corporations are subject to revision by the courts, and though large discretion is allowed, yet when an ordinance is found to be in conflict with the charter, or not reasonably incident to the powers conceded in the

charter, it will be held void. *City v. Riley*, 72 Mo.
220. (8) This ordinance is unreasonable, oppressive,
partial, unfair, against public policy, discriminating,
and in derogation of common rights. It attempts to
regulate the room and prohibit the running of tables in
a room adjoining other business, and declares that the
owner of a billiard table shall not sell cigars or give a
lunch, and if he does sell cigars and give a lunch, he
shall close his business at 9 o'clock P. M., but all other
business in the city can run all night, if the owners so
desire. *City v. Telephone Co.*, 96 Mo. 623; *City v.
Riley*, 72 Mo. 220; *City v. Telephone Co.*, 31 Mo. App.
23; *Corrigan v. Gage*, 68 Mo. 541. *Railroad v. City*,
85 Mo. 674; *Kelley v. Meeks*, 87 Mo. 397; Cooley's
Constitutional Lim., 393. (9) Where an ordinance is
made up of unwarranted, unfriendly and unjust dis-
criminations as against certain persons, the courts do
not hesitate to pronounce it void and altogether inop-
erative. 1 Dillon on Mun. Corp. [5 Ed.], sec. 322; 1
Dillon on Mun. Corp. [3 Ed.], p. 331, secs. 319, 320,
321, 322 (and foot notes), 323, 324, 327 and 329;
Field on Corporations, p. 331, sec. 296, and p. 336,
sec. 301. The nature of a license is to regulate. 1 Dil-
lon on Mun. Corp. [3 Ed.], secs. 357, 358, 359, 360 and
361. Ordinances must conform to state law. 1 R. S.
1889, p. 510, sec. 1902. We have a general law on bil-
liards and billiard tables which this ordinance clearly
violates. 1 R. S. 1889, secs. 708, 709, 710, and 715.
(10) The ruling of the court forcing defendant to make
his peremptory challenge without the necessary number
of qualified jurors, is in violation of section 4203,
Revised Statutes, 1889, page 975. 2 R. S., sec. 6083;
*State v. Munn*, 83 Mo. 589; *Bank v. Andrew*, 1 Mo.,
174; *Eberle v. Board*, 11 Mo. 247; *Fine v. School*, 30
Mo. 166; *Rose v. City*, 49 Mo. 509; *Fulmeiler v. City*,
61 Mo. 479.

*Lewis & Ramsay* for respondent.

(1) Section 6 of the ordinance in question being complete in itself is valid, and it is immaterial in this case whether or not the other sections of the ordinance are valid. *St. Louis v. Railroad*, 89 Mo. 44; *St. Louis v. Railroad*, 14 Mo. App. 221; *State v. Clark*, 54 Mo. 17; *In re Ah Tou*, 45 Fed. Rep. 795; 1 Dillon on Mun. Corp. [3 Ed.], 421. (2) Appellant has preserved no evidence as to the wording of the enacting clause; but neither an enacting clause nor a title were necessary, providing the title was not misleading. *City v. Foster*, 52 Mo. 513; *Cape Girardeau v. Riley*, 52 Mo. 424; *Tipton v. Norman*, 72 Mo. 380; 17 Am. and Eng. Encyclopedia of Law, 245. No such points were made in the court below. Had the ordinance been a statute of the state it would be good as the entire subject-matter is fairly embraced in the title and certainly it is not misleading. *City v. Tiefel*, 42 Mo. 578; *St. Louis v. Green*, 70 Mo. 562; 17 Am. and Eng. Enclyclopedia of Law, 245, and notes; *State ex rel. v. Co. Court*, 102 Mo. 531; *State v. Bennett*, 102 Mo. 357. (3) Appellant's objection to the form of the complaint will be answered by referring to the complaint itself. It is not only elaborate, but is made throughout under oath fully complying with statute. R. S. 1889, sec. 1635. Besides, this question was not raised in the court below. *Lawrence v. Monroe*, 10 L. R. A. (Kan.) 520; *State v. Allison*, 44 Kan. (4) Appellant objects to the proof of the ordinance. It was read from the ordinance records of the city by the custodian after having identified them as such; further proof was not necessary until otherwise questioned by defendant. *St. Louis v. Foster*, 52 Mo. 513; *Town v. Newman*, 72 Mo. 380; *Barr v. Auburn*, 89 Ill. 361; 17 Am. and Eng. Encyclopedia of Law, 266; 1 Dillon on Mun. Corp. [3 Ed.], sec. 422. It was

in regular form and appeared to have been passed and approved by the board (of aldermen) and signed by the president and mayor. The city here produced the journal and offered to prove its adoption, defendant objected, and the journal was withdrawn. Defendant could not take advantage of a want of evidence prevented by himself. *Garst v. Good*, 50 Mo. App. 149; *Lee v. Hassett*, 39 Mo. App. 67. (5) The fixing of an hour for closing saloons and billiard halls, if reasonable, will be sustained; and they will be sustained unless they clearly appear to be unreasonable. *Neir v. Railroad*, 12 Mo. App. 25; *St. Louis v. Green*, 7 Mo. App. 468; *St. Louis v. Green*, 70 Mo. 562; *Lawrence v. Monroe*, 10 L. R. A. (Kan.) 520, and note. Regulation of sale of cider sustained. Cites N. H. case where 10 o'clock closing was sustained. See 15 Am. and Eng. Encyclopedia of Law, 1188, and note, citing, among others, *Smith v. Knoxville*, 3 Head (Tenn.), 245; *Plattville v. Bell*, 43 Wis. 488; *St. Louis v. Cafarata*, 24 Mo. 94; *Kansas City v. Cook*, 38 Mo. App. 660; 1 Dillon on Mun. Corp. [3 Ed.], sec. 400.

MACFARLANE, J.—After an appeal from the mayor's court, of the city of Tarkio, and upon a trial in the circuit court, defendant was convicted of the violation of an ordinance of said city, and the payment of a fine of $25 adjudged against him, from which he appealed to this court, on the ground that said ordinance was in violation of section 28, article 4, of the constitution of the state.

I. The ordinance was entitled "An ordinance to regulate billiard halls, and to regulate, levy, and collect license on billiard and other tables upon which games are played for amusement, and to prohibit gambling therein." The sixth section, upon which defendant was convicted, required that no billiard halls should be

kept open, nor should any tables therein be used for playing games thereon, after 9 o'clock in the evening.

Defendant was charged also with violating other independent sections of the ordinance, but, as there was no conviction under them, their provisions need not be considered. If section 6 is constitutional and valid, it could be enforced, though all the remaining sections of the ordinance were void. *St. Louis v. Railroad*, 89 Mo. 44; *State v. Clarke*, 54 Mo. 17.

II. The constitutional provision that "no bill shall contain more than one subject, which shall be clearly expressed in its title," (sec. 28, art. 4, of the constitution) of which, it is claimed, the ordinance in question is violative, was intended to apply only to state legislation, and has no application to ordinances of this city. The article treats exclusively of the legislative department of the state, and the first section declares: "The legislative power, subject to the limitations herein contained, shall be vested in a senate and house of representatives, to be styled 'the General Assembly of the state of Missouri.'" Municipal legislation is thus clearly excluded. 1 Dillon on Mun. Corp., sec. 47.

Under authority of the constitution the legislature has provided, by general law, for the organization of cities and towns, and to that law we must look to ascertain the powers conferred and the manner in which they may be exercised. Under this law we find no requirement that the title to an ordinance shall conform to the requirements of the constitution relating to legislative bills; indeed we find no requirement or direction on the subject.

III. In the next place it is insisted that the enacting clause of the ordinance does not conform to the requirements of the statute. This objection does not

in our opinion, invalidate the ordinance. It has been held by this court, and is well settled law, that a city ordinance would not be void in consequence of the enacting clause not following the prescribed form, the charter being silent as to the effect of such irregularity.   *St. Louis v. Foster*, 52 Mo. 514; Dillon on Mun. Corp, sec. 309; *Tipton v. Norman*, 72 Mo. 381.   These cases are decisive of this one.

IV.   The ordinance is also attacked as being unauthorized by the charter.   This objection can not be sustained.   Power is not only given, generally, to pass such ordinances as may be expedient to maintaining the peace and good government, health and welfare of the city, but expressly to regulate "billiard tables" on "which games are played for amusement."   Revised Statutes, 1889, sec. 1589.   There can be no doubt under this authority the city had the power to pass an ordinace relating to, and regulating, not only the tables upon which the game of billards is played, but also the halls or rooms in which they are kept and used.

V. It is insisted also that the ordinance should not be enforced, because it is unreasonable, oppressive, discriminating, and in derogation of common right. This objection is urged with much earnestness, and merits thoughtful consideration, as, doubtless, most cities of the fourth class have adopted, and are enforcing ordinances on the same and kindred subjects.

On the subject of general powers of municipal corporations to adopt by-laws, Judge DILLON says: "In England, the subjects upon which by-laws may be made were not usually specified in the king's charter, and it became an established doctrine of the courts that every corporation had the implied or incidental right to pass by-laws; but this power was accompanied with these limitations, namely, that *every by-law must be reasonable*, and not inconsistent with the charter of the

corporation, nor with any statute of parliament, nor with the general principles of the common law of the land, particularly those having relation to the liberty of the subject or the rights of private property. In this country the courts have often affirmed the general incidental power of municipal corporations to make ordinances, but have always declared that ordinances passed in virtue of the implied power must be reasonable, consonant with the general powers and purposes of the corporation, and not inconsistent with the laws or policy of the state. 1 Dillon on Mun. Corp. sec 319, pp. 395, 396.

Charters of cities are grants of power under which alone they are authorized to legislate. All ordinances must therefore rest upon powers' either expressly granted or reasonably incident to such as are granted, and which are essential to the purposes of the corporation. But there must not only be power, but the manner of its exercise, if not expressly provided, must be reasonable and in harmony with the general laws of the land. Hence it is held, the ordinances are subject to revision by the courts, not only in respect to whether the corporation had power to pass them, but also, in respect to whether a general or implied power, if it existed, was exercised reasonably. *St. Louis v. Weber*, 44 Mo. 547; *Cape Girardeau v. Riley*, 72 Mo. 221; *St. Louis v. Tel. Co.*, 96 Mo. 631.

It by no means follows that the municipal authorities of a city have no discretion as to the manner in which the powers conferred shall be exercised. Indeed the largest discretion is given them, unless expressly restricted by the charter; and an ordinance which is within the limits of the powers conferred will not be declared void unless very clearly repugnant to some principle of common right.

Cities of the fourth class are given power to regu-

late, and levy and collect a license tax on many trades and occupations as well as amusements. R. S. 1889, sec. 1589. It is very clear that those exercising useful trades and occupations do not occupy the same relation to society as those engaged solely in giving amusement to the public, and a much larger discretion should be given in regulating the latter than the former.

Keepers of billiard tables are not recognized by the state as exercising a useful occupation. They are subjected to police regulation by the state and by cities under powers granted them by the state. R. S. chap. 16. They are prohibited from allowing minors to play upon their tables. R. S., sec. 715. Villages may prohibit them altogether. R. S., sec. 1672. Public billiard halls are regarded by many as vicious in their tendencies, leading to idleness, gambling and other vices. Each municipality can best determine for itself to what regulations they should be subjected, and, unless an ordinance fixed hours for their use which were in effect prohibitory, the courts should not interfere with the discretion exercised. We can not say that the ordinance in question, in requiring billiard halls to be closed at 9 o'clock in the evening, is unreasonable or in derogation of any common right. 1 Dillon on Mun. Corp., sec. 400.

VI. Section 1589 authorizes the city to pass ordinances for enforcing its police regulation by imposing a fine of not more than $100 for their violation. The ordinance in question imposes a fine of not less than $25 and not more than $100 for its violation. It will be seen that the penalty is within the limits of that prescribed by the charter. A similar case was considered by the supreme court of New Jersey, in which it was held that "where the legislature has defined the delegated powers, and prescribed with precision the penalties that may be imposed, an ordinance within the

powers granted, prescribing a penalty within the designated limit, can not be set aside as unreasonable." *Haynes v. Cape May*, 50 N. J. L. 57.

An interference with the action of the city of Tarkio, in prescribing the penalty for the violation of this ordinance would set at naught the authority of the legislature to delegate the power and to prescribe the limit to the penalties that might be imposed. If the authority had been granted in general terms to impose a fine without fixing its limit, the courts might inquire into the reasonableness of that fixed by the ordinance; but no such inquiry should be made, where, as in this case, the maximum of the fine imposed is within the prescribed limits of the charter.

VII.   Objection was made to the competency of a juror, summoned on the panel, on the ground that he belonged to an association called the "Law and Order League," the purpose of which was to prosecute persons for violation of the law.   The objection first appears on this record in the motion for a new trial, though it is there stated that the juror had declared his connection with such society on the examination as to his qualification.   It does appear, moreover, that this juror was not one of the twelve who tried the cause.

In order to secure a review of the action of the trial court on this question, the juror should have been challenged, if incompetent, at the time of his examination, and an exception then taken to an adverse ruling of the court.   The objection comes to this court without other verification of the alleged ground of incompetency than the mere statement in the motion.   This is not sufficient to authorize a consideration of the question on appeal.   Misconduct of the court in impaneling a jury is a matter of exception, and unless such exception is saved the errors will not be considered on appeal.   *State v. Brewer*, 109 Mo. 652; *State v. Hayes*,

81 Mo. 574; *Easley v. Railroad*, 113 Mo. 236.

Whether the juror was incompetent, for the causes alleged, is not decided.

VIII.   The ordinance contained in the printed book, which was in charge of the proper custodian, purporting to have been published by authority of the city, and to contain its ordinances, was admissible in evidence without other proof.   R. S. 1889, sec. 4846; *Tipton v. Norman*, 72 Mo. 381.

Other minor questions have been discussed by counsel, all of which have been considered, but we find no error justifying a reversal of the judgment, and it is affirmed.   All concur.