## *Ex Parte* CALDWELL.

### In Banc, March 16, 1897.

Habeas Corpus: CITY ORDINANCE: STATUTE: CARRYING CONCEALED WEAPONS: PUNISHMENT. A city ordinance that imposes a "fine of not less than ten nor more than one hundred dollars" as a punishment for carrying concealed weapons, is not unconstitutional and void because the statute fixes a fine of "not less than fifty nor more than two hundred dollars," even though another statute says a city by ordinance shall have power to fix "the same penalty and no other" for the same kind of offense. Had the city fixed a greater punishment the ordinance would be void; but the words, "the same penalty and no other," evidently mean the same kind of punishment; that is, when the punishment is fixed by the statute by fine only, the offender can not by the city be punished by imprisonment, nor *vice versa.*

*Habeas Corpus.*

WRIT DENIED.

*Edmonston & Cullen* for petitioner.

(1) Any ordinance that violates the express provisions of the city's charter is void. By the letter of section 122 (Laws of 1893, p. 100) the city has power to affix the "same penalty and no other for the punishment of such offense," etc. The punishment prescribed by the ordinance is different; therefore, void. Laws of 1893, sec. 122, p. 100; R. S. 1889, sec. 1902; *Warrensburg v. McHugh*, 122 Mo. 649; *Johnson v. Daw*, 53 Mo. App. 373; *Mayor of New York v. Ordrenan*, 12 Johns, 122; 1 Dillon Mun. Corp. [4 Ed.], secs. 336, 337, 339, 340, 341, 343, and 344. (2) It is true generally that cities have a discretion as to the manner in which the powers conferred shall be exercised, but they have no discretion when expressly restricted by charter. In this case the charter expressly restricts them by saying they shall have authority to inflict the same punishment and no other. They are expressly prohibited from prescribing any other punishment than that prescribed by statute. 1 Dillon Mun. Corp. [4 Ed.], secs. 89, 317, 319; *Town of Paris v. Graham*, 33 Mo. 94; *Quinette v. City of St. Louis*, 76 Mo. 402; *Carr v. City of St. Louis*, 9 Mo. 191; *Knox City v. Thompson*, 19 Mo. App. 523. (3) The said ordinance being in conflict with the express provisions of the charter the city had no authority to proceed against petitioner. The power of a municipal corporation to act is confined exclusively to the limits prescribed by the charter and such ordinances as are passed in conformity thereto. *Leach v. Cargill*, 60 Mo. 316; *Kiley v. Oppenheimer*, 55 Mo. 374; *State v. Railroad*, 75 Mo. 210. (4) An ordinance passed by a municipal corporation which imposes a greater penalty for its violation than is authorized by charter is void.

*Leland v. Long Branch,* 42 N. J. L. 375; *Petersburg v. Metzker,* 21 Ill. 205; *State 'v. Bringier,* 8 So. Rep. 298. (5) There is good reason for such requirement. A prosecution by a city is a bar to a prosecution for the same offense by the State. *State v. Simonds,* 3 Mo. 414; *State v. Cowan,* 29 Mo. 331; *State v. Thornton,* 37 Mo. 361; *State v. Freeman,* 56 Mo. App. 580.

*E. S. Gantt* for respondent.

(1) It could not have been the intention of the legislature to give cities of the third class power to inflict greater punishment than cities of the first and second classes. See section 1029 and subdivisions 10 and 14 under said section, section 1255 and subdivision 37 under said section, R. S. 1889, also section 122, Laws 1893, page 100. *St. Joseph v. Landis,* 54 Mo. App. 315; *Fosburg v. Rogers,* 114 Mo. 122; *State v. McLain,* 49 Mo. App. 398. (2) The construction placed upon this statute (sec. 122, Laws 1893, p. 100) by the petitioner would give cities of the third class authority to fine an offender as much as $1,000 in many instances (R. S. 1889, sec. 3811), while cities of the first and second classes are limited to a fine of $500. (3) Section 85, Laws 1893, page 82, authorizes cities of the third class to punish any person operating a gambling device, and if, under section 122 (Laws 1893, p. 100), the city must affix the same punishment, as contended by petitioner, that the statute affixes, then it is precluded from restraining and preventing such an offense, for under the statute it is a felony. See section 3808, Revised Statutes 1889. If petitioner's contention be correct, then the city of Mexico must either permit the operation of such gambling devices within its limits or decree that persons convicted of such offenses in the police court shall by said court be adjudged to serve a term in the State

penitentiary. There is neither public policy nor good sense in either proposition. (4) The ordinance in question is in no way repugnant to the spirit and policy of the State statute relating to the same subject-matter. They are in substantial harmony. R. S. 1889, sec. 1902; *Kansas City v. Hallett,* 59 Mo. App. 161; *St. Joseph v. Vesper,* 59 Mo. App. 459; *St. Louis v. Cafferata,* 24 Mo. 94; *St. Louis v. Schoenbusch,* 95 Mo. 618; *Ex parte Kiburg,* 10 Mo. App. 442; *Rogers v. Jones,* 1 Wend. 261; *Ex parte Taylor,* 87 Cal. 91. (5) The violation of the ordinance under consideration is no crime, and a prosecution for the violation of said ordinance is, therefore, no bar to a prosecution by the State. *City of Kansas v. Muhlback,* 68 Mo. 638; *City of Kansas v. Clark,* 68 Mo. 588; *St. Louis v. Knox,* 74 Mo. 81; *Ex parte Hollwedell,* 74 Mo. 401; *Kansas City v. Neal,* 122 Mo. 234; *De Soto v. Brown,* 44 Mo. App. 152; *St. Louis v. Schoenbusch,* 95 Mo. 618; *St. Louis v. Vert,* 84 Mo. 204. (6) If a prosecution by the city was a bar to a prosecution by the State, it would make no difference that the punishments were respectively different in amount. It would still be a bar. The converse would also be true; a prosecution by the State would bar the city. (7) The evident intention of the legislature was to compel cities of the third class to affix the same punishment in kind, not in amount, and to prevent the collection of fines by forfeiture, etc. (8) Laws must be construed so as to harmonize, if possible; but where two intepretations are possible, that should be followed which is recommended by the most beneficial reasons. *Kane v. Railroad,* 112 Mo. 34. (9) The consequences of a proposed intepretation may be considered in determining the probable intention in the enactment of the law. *Kane v. Railroad, supra.* (10) The intent of the legislature is to be gathered from every part and section of

the statute.  *Pitt v. Bishop*, 53 Mo.`App. 600.   (11)
When the language of a statute leads to manifest con-
tradictions of the apparent purpose of the enactment,
a construction may be given it which modifies the lit-
eral meaning of the words.  *Cole v. Skrainka*, 105 Mo.
303; *St. Joseph v. Landis, supra; St. Louis v. Lane,*
110 Mo. 254.

BURGESS, J.—The petitioner was on the fifteenth
day of January, 1896, convicted in the police court of
the city of Mexico, Missouri, of violating an ordinance
of said city prohibiting the carrying of concealed weap-
ons, and his punishment fixed at a fine of $15, in de-
fault of the payment of which he was committed to
the custody of John Lane, the city marshal, who deliv-
ered him into the custody of David Owens, the street
commissioner of said city, in pursuance of its ordinance,
where he has remained ever since.

On the third day of February, 1897, the petitioner
sued out from this court the writ of *habeas corpus*, for
his release from custody, upon the ground of the in-
validity of the ordinance under which he was con-
victed, and the judgment rendered against him.

No question is made as to the jurisdiction of the
court, nor as to the validity of the judgment except in
so far as they depend upon the validity of the ordi-
nances of the city.

Mexico is a city of the third class, organized as
such in the spring of 1892 under the general laws of
the State.   As such city it has an ordinance establish-
ing a police court and defining its jurisdiction and
powers, which is in words and figures as follows:

"Section 1.  *Police court established.*  A court is
hereby established in the city of Mexico, to be known
as a police court, which shall be held in a suitable
room or office, to be provided and furnished by the

council. Said court shall be open for transaction of business during every week day of the year, and shall have exclusive original jurisdiction to hear and determine all violations of and offenses against the ordinances of this city, including offenses heretofore specified in any ordinance of this city as being within the jurisdiction of the city recorder's court, and such other jurisdiction as shall be conferred by the charter governing this city and the laws of the State. Said court is hereby empowered and authorized to inflict punishment upon any person violating the provisions of said ordinances by a fine not exceeding one hundred dollars, and by imprisonment not exceeding three months, or by both such fine and imprisonment, as may be provided by ordinance and as may be just for any such offense, recoverable with costs of suit, together with judgment of imprisonment until such fine and costs are paid or satisfied.''

In 1893 the General Assembly passed a law repealing all former laws with respect to cities of the third class (Acts of 1893, p. 65.), approved April 10, 1893, by which cities of the third class have since that time been governed. The sections of the act which have any bearing upon the question involved in this case are as follows:

''Sec. 41.   The police judge shall be a conservator of the peace, and shall have exclusive original jurisdiction to hear and determine all offenses against the ordinances of the city, etc.

''Sec. 93.   The council may prohibit and punish for the carrying of concealed deadly weapons, and may arrest and imprison, fine or set to work all vagrants found within the city.

''Sec. 122.   For any purpose maintained in the preceding sections, the council shall have power to enact and make all necessary ordinances, rules and

regulations; and they shall also have power to enact and make all such ordinances and rules, not inconsistent with the laws of the State, as may be expedient for maintaining the peace and good government and welfare of the city and its trade and commerce; and all ordinances may be enforced by prescribing and inflicting upon its inhabitants, or other persons violating the same, such fine not exceeding one hundred dollars, and such imprisonment not exceeding three months, or both such fine and imprisonment, as may be just for any offense, recoverable with costs of suit, together with judgment of imprisonment, until the fine and costs are paid or satisfied; and any person committed for the non-payment of fine and costs, or either, may be compelled to work out the same as hereinbefore provided: Provided, that such city shall have power, in any case wherein the penalty for an offense is fixed by any statute, to affix the same penalty by ordinance, and no other, for the punishment of such offense, except that imprisonment, when made under city ordinances, may be in the city prison or work-house instead of the county jail."

At the time of the commission of the offense by defendant, there was in force in said city an ordinance which reads as follows:

"Section 54.  *Carrying concealed weapons.*—If any person shall carry, concealed upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any schoolroom, or place where people are assembled for educational, literary or social purpose, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill or meetings called under the militia law of this State,

having upon or about his person any kind of firearms, bowie knife, dirk, dagger, slungshot or other deadly weapon, or shall in the presence of one or more persons exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall directly or indirectly sell or deliver, loan or barter to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall be deemed guilty of a misdemeanor and upon conviction thereof be fined not less than $10 nor more than $100.''

Section 1902, Revised Statutes 1889, is as follows: ''Any municipal corporation in this State, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters, and things upon which there is a general law of the State, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to, and in conformity with the State law upon the same subject.''

By section 3502, Revised Statutes 1889, it is provided that the punishment for carrying concealed weapons shall be by ''a fine of not less than $50 nor more than $200, or by imprisonment in the county jail not less than five days nor more than six months, or by both such fine and imprisonment.''

The petitioner claims that this ordinance is void, in that it imposes a fine of not less than $10 nor more than $100 upon conviction for carrying concealed deadly weapons, and is in conflict with section 122 of the charter, which provides that the city has power to fix the *same penalty and no other* for the punishment of the same kind of offense than that fixed by statute, which is by ''a fine of not less than $50, nor more than $200, or by imprisonment in the county jail

not less than five days nor more than six months, or by both such fine and imprisonment." R. S. *supra,* sec. 3502.

The power of the city to enact ordinances is derived solely from its charter, and any ordinance not authorized thereby, and not in harmony therewith, is void. It can not go beyond, nor exceed the power delegated to it, and an ordinance which imposes a greater penalty for its violation than authorized by charter is void. *Leland v. Commissioners,* 42 N. J. L. 375; *Town of Petersburg v. Metzker,* 21 Ill. 205. But it is not so with respect to an ordinance which imposes a less penalty for its violation than that authorized by its charter, and which comes within the power conferred thereby. If the ordinance imposed a greater fine than that imposed by statute, for carrying concealed deadly weapons, to wit, $200, then it would be void, because in excess of the maximum fine fixed by the charter, but the ordinance in this case fixes the maximum fine for carrying concealed deadly weapons at not more than $100, and comes clearly within the prescribed limit. If the ordinance is to be held invalid because it does not fix the fine at the exact figures prescribed by statute for the same offense, then it would have been void had it imposed a fine in any amount less than the minimum sum fixed by statute, that is, $10, a position which seems illogical, and to which we are unwilling to yield assent.

Nor do we think the proviso in section 122, *supra,* to the effect that the city shall have power, in any case wherein the penalty for an offense is fixed by any statute, *to affix the same penalty by ordinance, and no other, for the punishment* for such offense, is in any way inconsistent, or in conflict with what has been said. The "same penalty" mentioned in the charter evidently means the same kind of punishment, that is, when the

punishment is by fine only, the offender can not be punished by imprisonment, and *vice versa.*

Our conclusion is that the ordinance and judgment are valid. The relator will, therefore, be remanded to the custody of the street commissioner, David Owens. All concur.