ANDREW PATTERSON, PLAINTIFF IN ERROR, v. ISHAM TAYLOR AS JAILER, DEFENDANT IN ERROR.

MUNICIPAL ORDINANCE—ORDINANCE REQUIRING SEPARATION OF RACES ON STREET CARS—AUTHORITY TO ENACT—PENALTIES, WHEN NOT UNREASONABLE OR EXCESSIVE.

1. Although the Municipality of Jacksonville is not by its Charter of incorporation, Chapter 3775 Laws of Florida, approved May 31st, 1887, expressly authorized to provide by ordinance for the separation of the races on the street cars in such city, yet it has such authority in the general welfare clause of its said charter, enabling it "to pass all ordinances necessary for the health, convenience and safety of the citizens, and to carry out the full intent and meaning of this act, and to accomplish the object of this incorporation." But even without such general welfare clause, or other express authorization, the design of such an ordinance being to safeguard the peace and good order of

society within such city, its enactment and enforcement is within the incidental police powers of the city directly resulting from its incorporation into a municipality.

2.  An ordinance of a city designed to separate the two races upon the street cars in such city, that requires the companies operating such cars to effect such separation in one or the other two clearly defined modes,—(1) by providing separate cars for the two races, or (2) by division of the car when the same car is assigned to the two races, leaving it discretionary with such carrier as to which one of the two prescribed modes of separation it will adopt, is not an unauthorized delegation of authority or discretion to such carriers.

3.  Where the legislature has defined the delegated powers, and prescribed with precision the penalties that may be imposed, a municipal ordinance within the powers granted, prescribing a penalty within the designated limit, cannot be set aside as unreasonable.

4.  A passenger on a street car has no right to any particular seat in such car, nor to a seat in any particular end of such car, and a regulation of a street car company, acting under the provisions of a city ordinance designed to effect a separation of the races on such cars, by which the seats in the rear end of its cars are assigned to the use of passengers of the colored race and the seats in the front end of such cars to passengers of the white race, or *vice versa*, is not an unreasonable regulation, nor an unlawful discrimination between the races.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Duval County.

STATEMENT.

On October 23rd, 1905, the City Council of the City of Jacksonville adopted the following ordinance: "An Ordinance Regulating, Requiring and Providing for the Furn-

ishing of Separate Accommodations for and the Separation of White and Colored Passengers on Street Cars.

Be it Ordained by the Mayor and City Council of the City of Jacksonville:

Section 1. That all companies, persons, firms and associations operating street cars in the City of Jacksonville are hereby required to furnish separate accommodations for white and colored passengers, and all white and colored passengers occupying street cars in the City of Jacksonville are hereby required to occupy the respective cars, or divisions of cars, provided for them, so that the white passengers shall occupy only the cars, or divisions of cars, provided for white passengers, and the colored passengers shall occupy only the cars or divisions of cars, provided for the accommodation of colored passengers. All companies, firms, persons and associations operating street cars in the City of Jacksonville shall furnish such separate accommodations, at their option, by the operation together of two or more cars, providing separate cars for white passengers and separate cars for colored passengers, or by furnishing separate accommodations for white and colored passengers in the same car. The cars, or parts of cars, furnished for white and for colored passengers, respectively, shall have placed conspicuously at each end of the car, or part of car, signs in plain letters, not less than two inches high, indicating by the words 'white' or 'colored,' as the case may be, that such car or part of car is provided for the use of white passengers or colored passengers, as the case may be; and when open cars to be entered from the side of the car are provided for the accommodation of both white and colored passengers, additional such signs shall be provided and placed conspicuously on the side of the cars so as to indicate

thereby the portion of the car to be used by white and colored passengers, respectively. Any officer, agent or employee of any company, person or firm, who shall, as superintendent or other office or such company, or as conductor, motorman or other employee of such company, operate any car not so provided with signs on the streets of the City of Jacksonville for the transportation of passengers, shall upon conviction thereof be fined not more than five hundred dollars, or by imprisonment not more than ninety days, for each such offense; and any white persons wilfully occupying as a passenger any car or part of car not so set apart and provided for white passengers, and any colored person wilfully occupying as a passenger any car or part of car not so set apart and provided for colored passengers, shall be deemed guilty of disorderly conduct and shall be punished by fine not exceeding five hundred dollars or by imprisonment not exceeding ninety days.

Section 2. It is hereby made the duty of conductors, motormen and others engaged in the operation of street cars within the limits of the City of Jacksonville to call the attention of passengers to such signs and to the fact that separate provision is made for white and colored passengers, and to request white and colored passengers who are about to enter or who have entered cars, or divisions of cars, not intended for their accommodation, to occupy only the cars or divisions of cars provided for their accommodation; and if any such passengers refuses or fails to leave the car, or part of car, not provided for his or her accommodation, such conductor, motorman or other person operating such car shall notify the police department, or a member thereof, as soon as it is possible.

Section 3. Any police officer of the City of Jacksonville seeing any white or colored passenger occupying a car or part of car not provided for his or her accommodation as indicated by such signs, shall arrest any such person and take him or her from such car and carry him or her to the police station as in case of any other person guilty of disorderly conduct.

Section 4. Special cars, in addition to the regular schedule cars, may at any time be run for the exclusive accommodation of either white or colored passengers for special occasions or special business.

Section 5. Any person wilfully molesting, removing, mutilating or destroying any sign put or placed on any car in compliance with the terms of this ordinance, and while such car is being operated for the transportation of passengers, shall be guilty of disorderly conduct and upon conviction shall be punished by fine not exceeding five hundred dollars or by imprisonment not exceeding ninety days.

Passed October 17th, 1905.

Approved October 23d, 1905.   Geo. M. Nolan, Mayor."

The plaintiff in error was convicted before the municipal court of said city of a violation of this ordinance, and the penalty imposed was a fine of ten dollars, or in default of its payment confinement at hard labor for fourteen days.

On December 5th, 1905, the plaintiff in error filed his petition in the Circuit Court for Duval county for the writ of *habeas corpus*, alleging therein that he was unlawfully detained and imprisoned on the said conviction for violating said ordinance. That said ordinance is unconstitutional and void: 1st. Because the Cty Council of the City of Jacksonville had no authorty or power under the charter to enact said ordinance.

2nd. Said ordinance is vague and uncertain, in that section 1 of said ordinance leaves it discretionary with street car companies, corporations or other persons operating street car lines in said city to designate the manner in which sad separation shall be made, thus deprving the City of the right to require or enforce a uniform operation of the law of street car companies and other persons operating street cars in the City of Jacksonville, Florida.

3rd. Said ordinance is unreasonable and unnecessary in that section 5 thereof makes the punishment for the violation thereof not exceeding $500, or ninety days in jail, said penalty being unreasonable and imposing a punishment greatly disproportionate to the offense, and also inconsistent with the general principles of the penal laws of this State upon kindred topics.

4th. That said ordinance as operated by the street car companies is a denial to petitioner of the equal protection of the law, in that said ordinance is so enforced and operated as to compel petitioner and other colored persons, at all times while passengers on street cars to sit and ride in the rear end of the car, while white passengers are allowed to ride at all times in the front end of said car, and that said rear end of the car as provided and operated by said street car company does not afford equal facility of ease and comfort, and deprives petitioner and all other colored persons of the benefit of pure, fresh air when riding on said cars, on account of being forced to ride in the rear thereof, and brands petitioner and his race as an inferior race, and this discrimination against petitioner and his race is on account of race, color and previous condition of servitude.

Writ of *habeas corpus* issued, and at the hearing thereof the Circuit Judge rendered judgment remanding the petitioner to custody to comply with the sentence of

the municipal court, and granted writ of error from this court returnable to January 9th, 1906.    The cause is here for review on such writ of error.

*Wetmore & Purcell,* for Plaintiff in Error.

*Barrs & Odom,* for Defendant in Error.

TAYLOR, J., *(after stating the facts.)*    The first contention of the plaintiff in error is, that the legislative charter of the City of Jacksonville does not give it the authority to enact the quoted  ordinance, and that said  city, therefore, has no power to adopt or enforce such ordinance.

The charter of the City of Jacksonville, Chapter 3775 Laws of Florida, approved May 31st, 1887, does not in express terms authorize the city council to enact the ordinance in question, but the "general welfare clause," contained in section 4 of Article 3 of said Chapter, empowers the City Council, after enumerating many specific subjects upon which it can legislate, "to pass all ordinances necessary for the health, convenience and safety of the citizens, and to carry out the full intent and meaning of this act, and to accomplish the object of this incorporation." Under this clause of its charter we think the City is authorized to adopt and enforce the ordinance in question, as a  prudential  measure, tending to  the preservation of the peace and safety of the inhabitants of the city.   The natural tendency of bringing large numbers of them promiscuously together in close contact is to create between the two races antagonism and discord. All existing conditions, make the separation provided for by this ordinance  a  reasonable  precaution  against breaches of the peace, and disturbances of the good order of society.   Roberts v. City of Boston, 5 Cush. 198.

In the case of Porter v. Vinzant, 49 Fla. 213, 38 South. Rep. 607, we have held that, "The general powers usually given to municipal corporations are, as a general rule, designed to confer other powers than those specifically enumerated; and that general powers conferred upon municipal corporations should be construed with reference to the purposes of the incorporation." Theisen v. McDavid, 34 Fla. 440, 16 South. Rep. 321. The chief purpose of the incorporation of densely settled localities into municipalities is to more effectually preserve the peace and good order of society in such localities. The design of the questioned ordinance being to safeguard such peace and good order, its enactment and enforcement is within incidental police powers of the city directly resulting from its incorporation into a municipality, even without the general welfare clause or other express authorization. McQullin on Munic. Ord. Sec. 473.

It is next contended that said ordinance is vague and uncertain and delegates to street car companies authority to determine how the races shall be seperated on street cars, thus depriving the city of the right to enforce a uniform operation of the law over the street cars of the city. It has not been pointed out in the briefs or argument here in what particular there is any vagueness or uncertainty in the terms of the questioned ordinance, and we fail to discover anything therein that is open to such a criticism, but on the contrary, we think that the ordinance in all of its provisions, is carefully drawn, clear and precise. Neither do we think that there is in it an unwarranted delegation of authority or discretion to the street car companies in the practical execution of the ordinance. The duty is thereby clearly imposed upon such street car companies to effect a separation of the races during carriage on their lines in one or the other

of two clearly defined modes: (1) by providing separate cars for the two races, or (2) by division of the car when the same car is assigned to the two races. The only delegation of discretion to such carriers is as to which of these two modes of separation they shall adopt. The ordinance makes it obligatory upon them to adopt the one or the other.

It is next contended that the ordinance is unreasonable and unnecessary, in that the maximum penalty of $500 that it imposes for infractions thereof is excessive and greatly disproportionate to the offense and inconsistent with the general principles of the penal laws of the State upon kindred topics.

By the provisions of said Section 4 of Article 3 of Chapter 3775 Laws of Florida of 1887, which chapter comprises the charter of the municipality of Jacksonville, the city council is authorized by ordinances to provide for the imposition of fines, forfeiture, penalties and terms of imprisonment for a breach of any city ordinance, but no penalty shall exceed five hundred dollars, and no term of imprisonment shall be for a longer term than three months for the same offence." Thus it will be seen that the city council in prescribing the maximum penalty of $500 for an infraction of this ordinance was entirely within its express charter authority.

In the case of Haynes v. Cape May, 50 N. J. L. 55, 13 Atl. Rep. 231, it was held that "where the legislature has defined the delegated powers, and prescribed with precision the penalties that may be imposed, an ordinance within the powers granted, prescribing a penalty within the designated limit, cannot be set aside as unreasonable." City of Tarkio v. Cook, 120 Mo. 1, 25 S. W. Rep. 202, S. C. 41 Am. St. Rep. 678. We can easily conceive a case of a wilful and aggravated violation of the ordi-

nance in question, deliberately planned to precipitate a riot, where the maximum fine of $500 would be not at all excessive or unreasonable, but on the contrary quite moderate and appropriate.

It is next contended that said ordinance, as operated by the street car companies is a denial to petitioner of the equal protection of the law, in that said ordinance is so enforced and operated as to compel petitioner and other colored persons at all times while passengers on street cars to sit and ride in the rear end of the car, while white passengers are allowed to ride at all times in the front end of said car; and that said rear end of the car as provided and operated by said street car company does not afford equal facility of ease and comfort, and deprives petitioner and all other colored persons of the benefit of pure fresh air when riding on said cars on account of being forced to ride in the rear thereof, and brands petitioner and his race as an inferior race, and this discrimination against petitioner and his race is on account of race, color and previous condition of servitude.

There is no merit in this contention. A passenger on a street car has no right to any particular seat in such car, nor to a seat in any particular end of the car, but when he becomes a passenger thereon he does so subject alike to its comforts and discomforts. As we have seen the questioned ordinance makes lawful provision for the separation of the two races on street cars. Plessy v. Ferguson, 163 U. S. 537, 16 Sup. Ct. Rep. 1138; Councill v. Western & Atlantic R. R. Co., 1 Int. Com. Com. Rep. 339; Chespeake & O. Ry. Co. v. Commonwealth of Kentucky 179 U. S. 338, 21 Sup. Ct. Rep. 101; Louisville, N. O. & T. Ry. Co. v. State of Mississippi, 133 U. S. 587, 10 Sup. Ct. Rep. 348; Ex Parte Plessy, 45 La. Ann. 80, 11

South. Rep. 948, S. C. 18 L. R. A. 639, and authorities therein cited; West Chester & Philadelphia R. R. Co. v. Miles, 55 Pa. St. 209. We have seen also that the provision of the ordinance permitting such separation to be accompanied by either supplying separate cars or by dividing the same car, was also reasonable and proper. In order to accomplish such separation in the same car one or the other of the two races would necessarily be required to occupy the front end of the car and the other race the other end, and when so placed neither race would have any more just cause for complaint as to the locality in the car to which he was assigned than he would have to the same locality in a separate car occupied by and devoted exclusively to the use of members of the race to which he belongs. Bowie v. Birmingham Railway & Electric Co., 125 Ala. 397, 1016 South. Rep. 27, S. C. 50 L. R. A. 632; Hall v. DeCuir, 95 U. S. 485.

At the trial of the *habeas corpus* proceeding the petitioner offered to prove by witnesses the allegations of his petition to the effect that members of his race were assigned to the rear end of the street cars, but the judge refused to admit such proof. It is contended here that this was error. There was no error in such ruling. The matter offered to be proved was wholly immaterial to any issue before the judge, and if admitted to be true could have no effect upon the validity of the ordinance involved, or as to the legality of the petitioner's conviction and detention for violation thereof.

Finding no error in the said record the judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., COCKRELL, HOCKER, WHITFIELD, and PARKHILL, JJ., concur.