THE CITY OF HOLTON V. E. W. TATLOCK.

No. 15,712.    (94 Pac. 204.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS — *License Ordinance — Penalty — Statutory Authority.* Under a statute authorizing a city to pass ordinances for the levy and collection of license taxes, and to prescribe penalties for the enforcement of such ordinances by inflicting a fine not exceeding one hundred dollars or imprisonment not exceeding three months, or both such fine and imprisonment, for each offense, an ordinance imposing a fine of not less than five dollars nor more than one hundred dollars or imprisonment not exceeding thirty days, or both such fine and imprisonment, for each violation, is within the limits of the statutory grant of power.

Appeal from Jackson district court, MARSHALL GEPHART, judge.    Opinion filed February 8, 1908.    Reversed.

*John D. Myers,* city attorney, for appellant.

*A. E. Crane, F. T. Woodburn,* and *E. D. Woodburn,* for appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  In a complaint filed in the police court E. W. Tatlock was charged with carrying on the "occupation of a traveling investment agent without first paying in advance to the city treasurer of said city of Holton the license tax of $5 and obtaining from the city clerk a license," etc., in violation of an ordinance of the city of Holton.    There was a conviction in the police court and an appeal to the district court, where the defendant moved to quash the complaint and for a discharge on several grounds.    The motion was allowed on the ground that the city ordinance upon which the prosecution was based was invalid, in that it prescribed a minimum fine of five dollars for each offense, although the statute conferring power on the

mayor and council to pass the ordinance did not mention a minimum penalty.

The legislature, after empowering cities of the second class to enact ordinances for the levy and collection of license taxes on many occupations and kinds of business, and also for the regulation and conduct of the citizens in many respects, as well as for the restraint and prohibition of certain resorts and practices inconsistent with the peace and public welfare of the people, provided:

"For any purpose or purposes mentioned in the preceding sections, the council shall have power to enact and make all necessary ordinances, rules and regulations, . . . and all ordinances may be enforced by prescribing and inflicting upon inhabitants or other persons violating the same, such fine not exceeding one hundred dollars or such imprisonment not exceeding three months, or both such fine and imprisonment, as may be just for any one offense." (Gen. Stat. 1901, § 1008.)

In pursuance of the statutory authority the city of Holton, a city of the second class, passed an ordinance imposing a license tax on certain occupations and kinds of business, and, among other things, it provided:

"Any person violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof in the police court shall be fined in the sum of not less than five dollars nor more than one hundred dollars for each offense, or by imprisonment not exceeding thirty days, or by both such fine and imprisonment, for each offense, and shall forfeit his license thereby, if he holds any license."

In support of the ruling of the court it is contended that the ordinance attempts to prescribe a punishment not authorized by the statute; that, the statute having named the penalty, no other can be imposed; that as the legislature did not fix a minimum limit the city council cannot fix one; and that the purpose of the legislature was that the amount of the fine should be left to the discretion of the courts, within the limita-

tions named in the statute. The trial court appears to have held that the limitations in the penalty clause of the statute were not intended to apply to the council in framing ordinances, but were rather limitations on the discretion of the court in imposing punishment—a discretion which the council could not take away. This is an erroneous view. The statute is a grant of power to the council. The city, which is a subordinate agent of the state, has been given the power and privilege of local legislation, including the authority of passing ordinances to impose license taxes and to enforce such ordinances by fines and imprisonment, within prescribed limits. In effect the legislature has said to cities of the second class: "You may enact ordinances for certain purposes and affix penalties for their violation, but in doing so you cannot impose a greater fine than one hundred dollars nor a longer imprisonment than three months. Within those limits you may prescribe such penalties as you may deem appropriate, according to the nature of the offense." Under this authority the council, in its ordinances, was at liberty arbitrarily to fix the fines anywhere between one and one hundred dollars, or to provide for a minimum and maximum fine, if neither exceeded one hundred dollars.

Much discretion is left to the city council in prescribing punishment, and the reason for it is apparent when the scope of the statute is considered. The penalties named are to be applied to a great number of violations, of varying degrees of gravity, and the legislature wisely left the graduations of the penalties to the council. It was hardly contemplated by the legislature that the same penalty should be imposed on an artist who had neglected to pay a license tax as upon one conducting a gambling-house, nor that the same penalty should be measured out to a doctor who had omitted to pay a license tax as upon a person running a disorderly house. Manifestly the provision limiting the penalty was a restriction upon the council when it framed its ordinances, and not a restriction upon the

Holton v. Tatlock.

court when it imposed a penalty for the violation of an ordinance. The court must look to the ordinance to find what the penalty for each offense is.

In Missouri the legislature authorized the passage of ordinances for enforcing certain police regulations by imposing a fine of not more than one hundred dollars. Under this statute the city of Tarkio passed an ordinance imposing a fine of not less than twenty-five dollars nor more than one hundred dollars for each violation, and the supreme court of that state held that the ordinance was within the limits of the statutory authority, and therefore valid. (*The City of Tarkio v. Cook,* 120 Mo. 1, 25 S. W. 202, 41 Am. St. Rep. 678.) A like question was before the supreme court of New Jersey, where the charter of the city gave the city council authority to prescribe a penalty for certain offenses, either by imprisonment not exceeding thirty days or by a fine not exceeding one hundred dollars. The city ordinance fixed the penalty arbitrarily at one hundred dollars, and it was held that there was no repugnancy between the ordinance and the statute and that it was competent for the council by ordinance to prescribe any penalty within the designated limit of the statute. (*Haynes v. Cape May,* 50 N. J. Law, 55, 13 Atl. 231.) In *Town of Greenfield v. Mook,* 12 Ill. App. 281, there was a charter provision that a fine should not exceed fifty dollars for a single offense, and the city passed an ordinance imposing a penalty of not less than twenty dollars nor more than one hundred dollars. The court held that the minimum of twenty dollars was directly within the grant of power, and was enforceable, but held that so much of the ordinance as authorized a fine in excess of that named in the charter was void. (See, also, *Ex Parte Caldwell,* 138 Mo. 233, 39 S. W. 761.) In the present case the minimum and maximum fines imposed by the council are directly within the statutory grant of power, and there is therefore no repugnancy between the statute and the ordinance in that respect.

The case of *In re Van Tuyl,* 71 Kan. 659, 81 Pac.

181, cited in behalf of the defendant, is not an authority against the validity of the ordinance. There the offense sought to be punished was a violation of a state as well as a municipal law—laws which were substantially identical, and the enforcement of both was provided for in the same act. In the statute, which was known as the Hurrel law, the legislature defined what acts constitute an offense and fixed the punishment to be inflicted for each offense, and in that act provided that the offenses defined might be prosecuted and punished under the ordinance of the city, which should prescribe the same penalties as were imposed in state prosecutions, and thus, as was said, "undertook to place liquor prosecutions under both state and municipal regulations upon the same basis, not only with respect to punishments but also with regard to many other matters." (Page 663.) Instead of following the specific directions of the statute, the city in its ordinance prescribed a penalty which differed substantially from that fixed by the legislature, and because of that departure the ordinance was condemned. Since the state and the municipal courts were to enforce the same law and measure the punishment for its violation, the necessity for equality of penalty is very apparent; and as the ordinance in that case was not in harmony with either the spirit or the letter of the statute it was held to be void. The minimum fine prescribed by the ordinance in this instance is clearly within the grant of power to the council and the limits fixed by the statute.

It is unnecessary to consider any other question than that determined by the district court, and for the reasons stated its judgment is reversed and the cause remanded for further proceedings.