St. Louis Railroad Company v. South St. Louis Railroad Company, *Appellant.*

**Street Railroads in St. Louis: parallel lines.** Section 3 of the act of January 16th, 1860, (Acts 1860, p. 52,) whereby it was enacted that no street railway should be constructed in the city of St. Louis nearer to a parallel railway than the third parallel street, was not repealed by the act of February 15th, 1864, (Acts 1864, p. 446,) nor by the act of March 19th, 1866, (Acts 1865-6, p. 283, art. 4, ? 1, clause 51,) nor by the act of March 13th, 1867, (Acts 1867, p. 62, art. 4, ? 1,) nor by the act of March 4th, 1870, (Acts 1870, p. 463, art. 3, ? 1, cl. 5, 9, 16, and art. 12, ? 8,) nor by article 10, section 1 of the present charter of the city of St. Louis, (R. S. 1879, p. 1616). Neither has the municipal assembly of said city the power to repeal said section 3.

*Appeal from St. Louis Court of Appeals.*

Affirmed.

*Louis Gottschalk, I. C. Terry, Broadhead, Slayback & Haeussler* and *Irwin Z. Smith* for appellant.

*Smith P. Galt* and *Geo. A. Madill* for respondent.

Hough, J.—When the case of the St. Louis Railroad

Company against the Northwestern Railroad Company was before this court in 1878, (69 Mo. 65,) it was rather assumed than directly decided, that the act of January 16th, 1860, was still in force. The judgment of the court of appeals which was before us for review in that case, proceeded upon the theory that the act named had not been repealed, and the judgment of the circuit court was based upon the same view, and although the question of the repeal of the act of 1860 was presented by the record, it was not urged in the argument, and we did not, therefore, discuss the question in our opinion. We examined the matter, however, sufficiently to satisfy ourselves, at that time, that the act of 1860 had not been repealed, and in our opinion assumed that such was the fact. Of course the decision in that case could not have been rendered except upon the theory that the act of 1860 was still in force. This question has been elaborately argued in the case now before us, and we are asked for a direct adjudication as to that matter.

We will preface what we have to say upon this point by observing, first, that in our opinion the plaintiff in this case has a right to invoke the provisions of the act of 1860 if they are still in force as against the defendant; and, second, that the provisions of said act prohibiting the construction of parallel roads within three blocks of each other, were primarily intended as police regulations, incidentally affording a qualified exemption from competition to the roads coming within the scope of the act, but subject to repeal or modification, whenever, in the opinion of the legislature, the public necessities should demand it.

It is contended by the defendant that the act of 1860 was repealed by the act of February 15th, 1864, and that it is also in conflict with the charter of the city of St. Louis passed March 19th, 1866, the charter passed March 13th, 1867, the charter passed March 4th, 1870, and the present charter of said city.

The section of the act of February 15th, 1864, relied

on by the defendant as repealing the act of 1860, is as follows : "That the city council of the city of St. Louis shall have full power, with the approval of the mayor, to determine all questions arising with reference to street railroads in the corporate limits of said city, whether such questions may involve the incorporation of companies to construct such street railroads, granting the right of way or regulating and controlling any such railroads after their completion." This section is a grant of legislative power and is in effect, though not in form, an amendment of the city charter. Conceding, as is claimed by the defendant, that this section delegated to the city council of St. Louis all the power over the subject of street railroads possessed by the legislature, and that it, therefore, authorized the city council to pass ordinances granting the right of way to street railroads in conflict with the provisions of the act of the legislature of January 16th, 1860, yet, until such ordinances were passed, it is perfectly obvious that the provisions of the act of 1860 remained in force. The grant of unrestricted legislative power to the city council over the whole subject of street railroads, could not of itself, repeal the act of 1860. The power of repeal was at most, simply granted to the city council, and until such power was exercised by that body, the statute remained unaffected by the grant. The bare statement of this proposition is sufficient to demonstrate its truth. Now the right claimed by the defendant to construct a parallel road within three blocks of the plaintiff's road is under an ordinance passed by the municipal assembly of the city of St. Louis on July 16th, 1878. By reference to the revised charter of the city of St. Louis passed March 19th, 1866, it will be seen that the mayor and city council are given sole power and authority " by ordinance not inconsistent with any law of this State,    *    *    to grant the right to any person or persons, corporation or company, to make and construct street railways in any street in said city, and to regulate and control the same and the use thereof," (Acts 1865–6 p.

283, art. 4, § 1, clause 51,) and all acts and parts of acts contrary to, and inconsistent with, the provisions of this act, are in terms repealed. This act is in direct conflict with the act of 1864, as construed by the defendant, and necessarily repeals it.

The act of 1864 confers power upon the city council to grant the right to construct street railways by ordinances in conflict with the act of 1860, whereas the charter of 1866 restricts the council to the passage of such ordinances only as are in harmony with the act of 1866, and repeals all laws previously passed in conflict with such charter. It it hardly necessary to make an argument to prove that a legislative grant to the city council of power to pass or-dinances which shall have the effect of repealing an act of the legislature, is irreconcilably inconsistent with a legis-lative declaration that no ordinance shall be passed which shall conflict with any act of the legislature. Nor is the power conferred upon the city council by the charter of 1866, totally irreconcilable with the restriction imposed, as in the case of the *State v. Clarke*, 54 Mo. 17. The unrestricted power of the city council over the subject of street rail-roads which, it is claimed, was conferred by the act of 1864, having thus been extinguished, has never since been revived.

The city charter of 1867 contains the same require-ment, that the ordinances passed in regard to street rail-roads shall not be inconsistent with any law of the State. Acts 1867, p. 62, art. 4, § 1. A similar provision is also to be found in the charter of 1870, (Acts 1870, p. 463, art. 3, § 1, and art. 12, § 8,) and in the amendment of 1874, (Acts 1874, p. 363, § 1).

The charter now in force in the city of St. Louis, un-der which the ordinance authorizing the defendant to build its road was passed, was framed and adopted in pursuance of the provisions of section 20, article 9 of the constitution of 1875, and vests the legislative power of the city in two houses, styled the municipal assembly of St. Louis. This

charter superseded the former charter of the city and all amendments thereof, and was, by the constitution, required to be in harmony with the laws of the State. This charter, like those previously noticed, confers upon the municipal assembly the sole power and authority to grant to persons or corporations the right to construct street railways in the city, by ordinances not inconsistent with any law of the State. Indeed the entire grant of legislative power is subject to this condition. Art. 3, § 26. Article 10 of this charter provides that: "The municipal assembly shall have power by ordinance to determine all questions arising with reference to street railroads in the corporate limits of the city, whether such questions may involve the construction of such street railroads, granting the right of way, or regulating and controlling them after completion," etc. The power here conferred is to be exercised, of course, by such ordinances as the municipal assembly is competent to pass; that is, ordinances not inconsistent with the laws of the State. Article 10 is but a detailed amplification of the power conferred by the 11th clause of section 26, article 3, besides being somewhat legislative in its character. It follows from the foregoing views that the municipal assembly had no power to disregard the regulations prescribed in the act of January 16th, 1860.

It is unnecessary to consider in detail the various acts of the legislature authorizing the construction of certain street railroads in the city of St. Louis, within the prohibited distance prescribed by the act of 1860. The only effect of these acts, according to the well established rules for the construction of statutes, was to dispense with the restrictions contained in the 3rd section of the act of 1860, so far as the companies named in these act were concerned. As to all other companies, its provisions remain in full force.

Our opinion is, that the act of January 16th, 1860, has never been repealed, that the municipal assembly of St.

Louis has no power to repeal it, and that the legislature alone can repeal it. While it remains in force the plaintiff is entitled to the benefit of it, and it is our duty to enforce it. The judgment of the court of appeals is affirmed. All the judges concur.