CITY OF ST. LOUIS, Appellant, *v.* ST. LOUIS RAILROAD COMPANY, Respondent.

October 23, 1883.

1. CONSTITUTIONAL LAW — ORDINANCES. — Where the provisions of an ordinance are separable the whole will not be declared void because of the unconstitutionality of a part.

2. —— A municipal regulation requiring street railroads to make quarterly reports of the number of passengers carried is not void as being unreasonable or in restraint of trade, and does not violate article V. of the amendments to the constitution of the United States.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Reversed and judgment.*

LEVERETT BELL and ASHLEY C. CLOVER, for the appellant.

SMITH P. GALT, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff complained in the first district police court of St. Louis, against the defendant, a street railway corporation, for having failed and refused, between the first and fifteenth days of July, 1882, to report to the city register a written statement under oath of the number of trips made by the cars of defendant, during three months, ending on the last day of June, 1882, and for having failed and refused, between the same dates, to report in like manner and to the same officer, the number of passengers carried by the defendant's cars during the same three months. The police court found the defendant guilty, and assessed a fine in the plaintiff's favor of $500. On an appeal to the court of criminal correction, judgment was given for the defendant.

The complaint was founded on section 11, of article .IV., chapter 31, of the Revised Ordinances of the city of St.

Louis, approved March 29, 1881, which reads as follows : —

" Sec. 11. It shall be the duty of each of the street rail-road companies in the city of St. Louis, to report, under oath, to the city register, between the first and fifteenth days of the months of July, October, January and April of each year, by their president, secretary, or superintendent, the number of trips made and passengers carried over the road of which the person making the report is an officer, during the preceding three months, ending on the last day of the months of June, September, December, and March ; and any failure to make the report required by this section shall subject the street railroad company so offending to a fine of not less than $500. It shall be the duty of the city register, if said reports show that any of said companies have carried an average of over eighteen persons per trip to each car, since their last previous return, to report such company to any of the police justices, and such company shall be subject to a fine of not less than $300 for the first offence, and a fine of not less than $500 for each subsequent offence."

The cause was submitted in the court below upon an agreed statement of facts, which included an account of the number of cars and trips run, and passengers carried during the quarter year mentioned in the complaint, together with an admission that the defendant had failed and refused to make the reports as charged.

It is urged against the validity of the section of the ordinance above quoted, that it is repugnant to article V. of the amendments to the constitution of the United States, and to the twenty-third section of article XII. of the constitution of Missouri ; that it is unauthorized by the city charter ; that it is unreasonable, oppressive, and in restraint of trade. All the objections presented under these several heads are directed exclusively against that part of the section which provides for the imposition of a penalty for

carrying more than a prescribed average number of passengers per trip, upon a report from the city register, to be based upon the reports furnished to him by the railway companies. It is claimed that this provision and the others in the section are so mutually connected with and dependent upon each other, as not to be severable, and that all must stand or fall together. It is obvious that upon this last proposition depends the pertinence of all the objections raised against the ordinance. If that part of the ordinance which is here sought to be enforced is severable from the rest, and contains within itself a complete enactment, having a distinct purpose, which may be carried into effect without any aid from the objectionable provisions, then it must stand upon its own merits, and can suffer no taint from a mere association in the same instrument with such provisions, however indefensible these may be.

Let it be conceded, for the purposes of this case, that the city authorities had no right or power whatever to limit the railway companies to an average of eighteen persons per trip, to each car, or to impose any penalty upon them for exceeding that number. It will result that the command to that effect is a nullity and that a railway company in disregarding it would be guilty of no offence. As there is no attempt in this proceeding to enforce that command, its inherent insufficiency has no possible relation here to any legitimate defence. The first member of the section, which this proceeding seeks to enforce, can only suffer from the infirmity of the second, if it is so connected with, dependent upon, or identified with the latter that it can not be put into operation, as intended, without introducing the evils of the other provision. But the only discernible connection between the two appears in the fact that, if the first is obeyed, it may be the means of furnishing evidence to sustain a charge made under the second. So that, according to the defendant's position, the first provision must be annulled, because its enforcement might contribute proof of that which would be

no crime, and on account of which no sort of liability could ever arise. The objection is too trivial for serious consideration. It is perfectly clear that the first member of the section may be enforced and obeyed in its entire extent, without any aid from the second, and even if the second be declared null and void, or — which is the same thing — had never been enacted.

The St. Louis city charter authorizes the municipal assembly, by ordinance, " to determine all questions arising with reference to street railroads in the corporate limits of the city, whether such questions may involve the construction of such street railroads, granting the right of way, or regulating and controlling them after their completion ; and also shall have power to sell the franchise or right of way for such street railroads to the highest bidder, or, as a consideration therefor, to impose a *per capita* tax on the passengers transported," etc. Rev. Stat., p. 1616, sect. 1. In *St. Louis R. Co.* v. *South St. Louis R. Co.* ( 72 Mo. 67 ), the supreme court held, in effect, that this grant of power was valid and might be carried into effect by an ordinance not inconsistent with the act approved January 16, 1860. Sess. Acts 1859–60, p. 516. No inconsistency with that act is shown in the ordinance provision upon which this suit is founded. The regulation requiring periodical reports of the number of trips made, and passengers carried, is obviously within an authority to regulate and control the railroads after their completion. It provides, in the most reasonable and proper way, for the obtaining of that sort of information which is unquestionably essential to a wise and prudent " regulation and control" — to say nothing of its manifest fitness in the event of an authorized imposition of a " *per capita* tax on the passengers transported." The defendant does not attempt to show that this regulation is in itself repugnant to any law or rule, constitutional or otherwise, of controlling authority over the acts of the municipal assembly.

Counsel for the defendant appropriately quotes the language of Chief Justice Waite, in *Allen* v. *Louisiana* (103 U. S. 83) : " It is an elementary principle that the same statute may be in part constitutional, and in part unconstitutional, and that if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected.    ' But,' as was said by Chief Justice Shaw, in *Warren* v. *Mayor and Aldermen of Charlestown* (2 Gray (Mass.), 84), ' if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant a belief that the legislature intended them as a whole, and that if all could not be carried into effect, the legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected, must fall with them.'    The point to be determined in all such cases is whether the unconstitutional provisions are so connected with the general scope of the law as to make it impossible, if they are stricken out, to give effect to what appears to have been the intent of the legislature." These satisfactory tests are conclusive against all the positions here taken for the defendant.    It is useless to pretend that the provision for quarterly reports of trips and passengers is so connected with or dependent upon that limiting the number of passengers, that it could not be carried into effect without the latter.    No rational mind can suppose that, if the regulation limiting the number of passengers per trip were stricken out, the municipal assembly would not have passed the provision for quarterly reports, or that it would be impossible to give effect to the legislative intent in securing statistical information from time to time, touching the business of the railroads, without also making it penal to carry more than a certain number of passengers per trip.    The second provision in the section may be, for certain purposes of evidence, depend-

ent on the operation of the first. But that does not constitute a mutual dependence — the first being as complete within itself as if it stood alone, and as if the other had not been passed, or had been made a separate ordinance.

We are not to be understood as holding, in this opinion, that the second part of the ordinance section, above considered, is void. We have merely undertaken to show that if it were so, the fact would have no influence in this case. But if we felt called upon to declare that a limitation upon the number of passengers to be carried by each street car would be a legitimate exercise of the "police power to regulate," as conferred upon the municipal assembly, we might still find a fatal objection possible, on grounds of unreasonableness, oppression, or improper restraint of trade, in its application to a particular state of facts.

The judgment below was manifestly wrong. The agreed case shows that another trial would avail nothing for the defendant. The judgment is reversed, and judgment will be entered here for the amount of the fine fixed by the ordinance. All the judges concur.