The City of St. Louis v. The St. Louis Railroad Company.

THE CITY OF ST. LOUIS V. THE ST. LOUIS RAILROAD
COMPANY, *Appellant.*

1.  Constitutional Law : ORDINANCES.  Where the provisions of an
ordinance are separable the whole will not be declared void be-
cause of the unconstitutionality of a part.

2.  ———— : ————.  A municipal regulation requiring street railroads
to make quarterly reports of the number of passengers carried is
not void as being unreasonable or in restraint of trade, and does
not violate article 5 of the admendments to the constitution of the
United States. *

3.  ———— : ————.  Such regulation is clearly within the grant of
power conferred by section three of the act of January 16, 1860
(Acts 1860, p. 52).

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Smith P. Galt* for appellant.

(1) This section of the ordinance was originally en-
acted as ordinance number 5735, approved January 23,
1866, and was repealed by the general assembly by an
act approved February 6, 1866, which last act was itself
repealed February 27, 1869, but was re-enacted in the
revision of the ordinances March 31, 1871, in its present
form, but up to this time no attempt has ever been made
to enforce it.   It became a dead letter by disuse and was
abandoned, and its enforcement now would operate un-
fairly and as a trap.   (2) It is, as a section, repugnant to
article 5 of the amendments to the constitution of the
United States, and the twenty-third section of article 11
of the constitution of this state.   (3) It is unauthorized
by the charter, and unless power is found in the char-

---

* These syllabi are taken from 14 Mo. App. 221.

ter to adopt this section it must fall. Section 11 of this ordinance cannot rest on article 3, section 26, clause 5, nor upon article 10 of the charter. *Cape Girardeau v. Riley*, 72 Mo. 220; *St. Louis v. Weber*, 44 Mo. 550. (4) This section cannot be divided. It must stand or fall as a unit. *Allen v. Louisiana*, 103 U. S. 83; *Daggett v. Hudson*, 2 Rep. 22. (5) This section is unreasonable. Cooley's Const. Lim. 200; *Com. v. Worcester*, 3 Pick. 462, 473; *Boston v. Shaw*, 1 Met. 130. (6) This section is in restraint of trade and oppressive. It imposes an additional burden on the company and is obnoxious to article 1, section 10, clause 1, of the constitution of the United States. (7) The right of the city to pass and enforce this ordinance cannot be maintained under section 3, of the act of 1860. It cannot be justified under the police power. Cooley's Const. Lim. 200, 577; *Lake View v. Cemetery Co.*, 70 Ill. 195; *State v. Fisher*, 52 Mo. 177; *St. Louis v. Weber*, 44 Mo. 550; *Vandecee's case*, 6 Pick. 191; *Ex parte Burnett*, 30 Ala. 461; 58 Ill. 102; Green's Brice's *Ultra Vires* [2 Ed.] 96 and notes.

*Leverett Bell* for respondent.

The ordinance provision under consideration, in no manner conflicts with the law of January 16, 1860 (Laws, 1859, 1860, p. 516). It is clearly within the power conferred by section 3, of said act, authorizing the city of St. Louis to make such municipal regulations concerning the defendant and other street railroads mentioned in said act, as the public interest and convenience may require.

RAY, J.—The defendant was prosecuted and fined five hundred dollars before a police justice of the city of St. Louis for refusing to make to the city register the report required by section 11 of article four, of chapter

thirty-one of the revised ordinances of said city, approved March 29, 1881, which section is as follows :

"Section 11.   It shall be the duty of each and all of the street railroad companies in the city of St. Louis to report under oath to the city register, between the first and fifteenth days of the months of July, October, January and April of each year, by the president, secretary, or superintendent, the number of trips made and passengers carried over the road, of which the person making the report is an officer, during the preceding three months, ending on the last day of the months of June, September, December and March, and any failure to make the report required by this section shall subject the street railway company so offending to a fine of not less than five hundred dollars.   It shall be the duty of the city register, if said reports show that any of said companies have carried an average of over eighteen persons per trip to each car since their last previous return, to report such company to any of the police justices, and such company shall be subject to a fine of not less than three hundred dollars for the first offence, and a fine of not less than five hundred dollars for each subsequent offence."

The case was appealed to the court of criminal correction, where, on January 27, 1883, on a trial anew, the defendant was discharged.   After motion for a new trial overruled, plaintiff was allowed an appeal to the St. Louis court of appeals, where the judgment was reversed (14 Mo. App. 221), and an appeal prosecuted here by defendant.

The agreed statement of facts shows that the books of the defendant contained the information necessary to enable it to make the required reports, but that it failed and omitted so to do, and the question is, whether the provision of the ordinance requiring said report is valid and effectual against defendant.

Defendant's  counsel  urge  the  objection  that  the

The City of St. Louis v. The St. Louis Railroad Company.

second provision of said section is unreasonable and illegal as a regulation of defendant, and that the first and second provisions are so mutually connected with, and dependent on each other, as conditions, considerations, or compensations for each other as to warrant a belief that the city council intended them as a whole and that, therefore, they cannot be divided, but must stand or fall together. Whilst this is a sound rule of interpretation or construction of statutes, we are not fully satisfied of its applicability to the section in question. It does not, we think, appear from the section itself, that the sole purpose of the first provision was to enforce the second, or that it never was intended for any other independent purpose. Provisions of like import and of larger scope are not uncommon, and exist without any other provision corresponding to the second provision of said section. They may be, we think, enacted upon other and distinct and independent considerations. Defendant was, it seems, organized under chapter 39, Revised Statutes, 1855, page 404, and associations thereby organized, were required, by section 39 thereof, to make annually, under oath, very elaborate and detailed reports of their business, including the items as to the number of trips made and passengers carried, required by the provision in question, to the secretary of state.

By the first section of the act approved January 16, 1860, the defendant was exempted from reporting to the secretary of state and required to report to the city comptroller. Section three, of said last named act, authorized the city to make such municipal regulations concerning the defendant as the public interest and convenience may require, but prohibits a reduction in the rate of fare. The present charter of the city of St. Louis authorizes the municipal assembly by ordinance, "To determine all questions arising with reference to street railroads in the corporate limits of the city, whether such questions my involve the construction of such street

railroads, granting the right of way, or regulating and controlling them after their completion." Section 1, article 10, page 1616, 2 Revised Statutes of 1879.

In the case of *Railroad Co. v. Railroad Co.*, 72 Mo. 67, this court held that said act of January 16, 1860, was in force and unrepealed and this defendant entitled to its benefits. We see nothing inconsistent with said act in the provision of the ordinance in question requiring said reports, but on the contrary it is, we think, clearly within the grant of power conferred in said section three, empowering the city of St. Louis to make such municipal regulations concerning the defendant as the public interest and convenience may require. Upon a careful examination of the well considered opinion of the court of appeals, touching the various questions raised and urged by counsel for appellant, in addition to what is here said, we see no reason to doubt the correctness of the conclusions reached by that court, and for these reasons its judgment is affirmed. In these views, Judges Norton and Black concur. Henry, C. J., concurs in the result. Sherwood, J., defining his own position separately.

HENRY, C. J., and SHERWOOD, J.—We think that the intent of the ordinance in question to make the railroad companies furnish evidence against themselves to be used as evidence in prosecutions for violations of the ordinance as clear as if it had been expressed in the title or body of the act; and upon no principle can such legislation be upheld, except that announced in the *City of Kansas v. Clark*, 68 Mo. 581, in which it was held that the violation of a city ordinance is not a crime. In that case two judges dissented; and it is not so clear that the ordinance in question is valid upon any ground as to admit of no doubts. Says Mr. Wharton, in his work on Evidence : "A witness also will be relieved from answering a question, a reply to which might ex-

pose him to a forfeiture of his estate. Nor does it make a difference that the penalties in a penal prosecution are limited to a fine." 1 Wharton on Evidence, section 534. We express no decided opinion upon the question, but have such doubts of the correctness of the ruling of our associates that we cannot give it our hearty concurrence.