## CITY OF ST. LOUIS, Plaintiff in Error, v. GRAFEMAN DAIRY COMPANY.

### (No. 1.)

**In Banc, October 20, 1905.**

1. **MOTION TO QUASH: When Denied: Sufficiency of Pleading.** Where defendant has filed a motion to quash the petition, which charges several offenses, in an action brought by a city against a defendant for violating an ordinance relating to the licensing and regulation of the sale of milk, and no motion was filed to require a separate count for each offense, the motion to quash will be considered as a demurrer to the whole petition, and if it states a good cause of action as to any one of the offenses charged, the motion should be denied.

2. ———: ———: ———: **Severable Ordinance.** Where the complaint alleges one or more breaches of a valid severable provision of an ordinance, it is error to quash the whole action, even though the motion was well taken as to other alleged breaches

3. **SEVERABLE ORDINANCE: What Is: Inspector's License and Registration.** A provision of an ordinance which requires the payment of one dollar as a registration fee by the vendor of milk, is severable from another provision thereof which requires the payment of a license tax.

4. ———: **How Far Invalid.** Where the provisions of an ordinance are severable, and are not interdependent the one upon the other, the whole ordinance will not be declared void because one of the provisions is void, but the void portion will be eliminated, and the valid portion enforced.

5. ———: **Inspector's Fee: Validity.** The provision of an ordinance requiring vendors of cream and milk to register and pay a registration fee is a valid police regulation.

6. ———: ———: **Tax.** An inspection fee of one dollar a year imposed on a vendor of milk and cream to pay the cost of inspection, is not a tax.

7. **LAWFUL TRADE: Police Regulation.** The fact that the selling of milk is a lawful trade does not exempt it from police regulation.

8. **ORDINANCE: No. 20808: Title.** Section 10 of Ordinance 20808, of the city of St. Louis, in reference to the payment of a registration fee of one dollar a year by the vendor of milk, is not obnoxious to the objection that it infringes the charter provision requiring the subject-matter to be expressed in the title of the ordinance.

9. ———: **Misnomer of Officer.** Where the ordinance empowers an officer which it designates as city collector, when there is no such officer, to issue licenses in certain cases and collect license fees, duties which by statute are conferred on an officer designated as license collector, the ordinance is not for that reason invalid, but the designation of the officer therein as city collector is an inaccurate one of a proper officer, and a mere misnomer.

10. **MILK VENDORS: Power of City To Impose License.** The city charter provides that "the mayor and assembly shall have power by ordinance . . . to make provision for the inspection of butter, cheese, milk, lard and other provisions, and to license, tax and regulate occupations and secure the general health." *Held*, that this was a delegation to the city of definite and adequate authority to license vendors of milk and to require them to pay an annual inspection fee of one dollar.

11. ———: ———: **Classified As Merchants.** In the face of this charter provision, the city is not required to classify vendors of milk as merchants, and to look, for its authority to impose on them a registration and inspection fee, to the city authority to require merchants to pay a merchant's license.

12. **MILK ORDINANCE: Constitutionality.** For the reasons set out in St. Louis v. Liessing, page 464 of this volume, the ordinance considered in this case, which was one imposing an inspection fee of one dollar on the vendors of milk and cream, is held to be constitutional.

Error to St. Louis Court of Criminal Correction.—*Hon. Hiram N. Moore*, Judge.

REVERSED AND REMANDED.

*Chas. W. Bates* and *Wm. F. Woerner* for plaintiff in error.

(1) No motion was filed to require the information or statement to charge separately the various grounds upon which it alleges that defendant violated the several and severable provisions of section ten of ordinance 20808; nor was any objection taken that they were commingled in one count; and the motion to quash and the order sustaining the same go to the statement as an entirety. Hence, if the latter alleges any charge at all of the violation of any valid provision, the motion to quash should have been overruled and the defendant tried on such valid charge, even if the statement contained others that were based on void provisions of the ordinance. St. Louis v. Weitzel, 130 Mo. 613; City of Gallatin v. Tarwater, 143 Mo. 47; Polinsky v. People, 73 N. Y. 72. (2) That part of section 10 of ordinance 20808 requiring a vendor of cream and milk to register in the office of the health commissioner, and that part requiring the payment of one dollar as a registration fee, are severable police regulations from the other provisions, and can be enforced irrespectively of the other provisions without defeating the object of the ordinance. Where respective provisions of an ordinance are severable and are not interdependent one upon another, the whole will not be declared void because a part is invalid, but the void parts will be eliminated and the valid parts will be upheld and enforced, provided this will not defeat the substantial object of the enactment. St. Louis v. Railroad, 89 Mo. 47; County Court of St. Louis v. Griswold, 58 Mo. 199; Tarkio v. Cook,

120 Mo. 7; Lamar v. Weidman, 57 Mo. App. 514; Rockville v. Merchant, 60 Mo. App. 368; State v. Bockstruck, 136 Mo. 353. (3) That provision of section 10 of the ordinance, which requires vendors of cream and milk to register with the health commissioner, is plainly for the purpose of protecting the health and ministering to the welfare of the public by regulating the sale of these necessary food-stuffs and guarding against the sale of an unwholesome quality thereof. This provision is strictly within the reasonable exercise of the ordinary police power lawfully delegated to the city, which the constitutional provisions invoked by defendant were never intended to curtail or affect, and it necessarily must be upheld as such. St. Louis Charter, art. 3, sec. 26, clauses 5, 6, 7, 14; St. Louis v. Galt, 179 Mo. 18; Water Co. v. Aurora, 129 Mo. 575; St. Louis v. Fischer, 167 Mo. 664 (affirmed 194 U. S. 362); Ferrenbach v. Turner, 86 Mo. 420. The provision requiring one dollar for registration fee is also valid. A business conducted under police regulation (such as inspection, registration, etc.), may be made to pay the expenses of such regulation by exaction of a fee or license on those engaging in it. Such a measure will be upheld whenever it appears that the revenue derived is not disproportionate to the cost of its enforcement and the regulation of the business to which it applies. This is not a tax for revenue, but a fee to pay for the police regulation. Littlefield v. State, 42 Neb. 226; Norfolk v. Flynn, 101 Va. 473; People v. Mulholland, 82 N. Y. 326; St. Louis Consol. Coal Co. v. Illinois, 185 U. S. 203; Willis v. Oil Co., 50 Minn. 297; Kinsley v. Chicago, 124 Ill. 359; Carthage v. Rhodes, 101 Mo. 175; St. Louis v. Knox, 6 Mo. App. 247; St. Louis v. Weitzel, 130 Mo. 620; Tiedeman, State & Fed. Cont. Pers. & Property (1900), p. 483, sec. 119; Smith's Mod. L. Mun. Corp. (1903), sec. 1347; Beach on Pub. Corp. (1893), sec. 1255. Authorities are numerous which directly uphold the

right of municipalities, under the police power, by ordinance such as that here in issue, to provide for the inspection and regulation of the sale of milk or cream. Deems v. Baltimore, 80 Md. 164; Blazier v. Miller, 10 Hun (17 N. Y. Supp.), 435; State v. Campbell, 64 N. H. 402; State v. Broadbelt, 89 Md. 577; Norfolk v. Flynn, 101 Va. 473; State v. Nelson, 66 Minn. 166; State v. Dupaquier, 46 La. Ann. 582; State v. Stone, 46 La. Ann. 147; Kansas City v. Cook, 38 Mo. App. 665; Weigand v. Dist. Col., 22 App. D. C. 559; Littlefield v. State, 42 Neb. 223; People v. Mulholland, 82 N. Y. 326; State v. Smith, 69 Ohio St. 196; Commonwealth v. Wetherbee, 153 Mass. 159; Polinsky v. People, 73 N. Y. 65; McQuil. Mun. Ord. (1904), sec. 484; State v. Smyth, 14 R. I. 100; 1 Tiedeman, State & Fed. Cont. Pers. & Prop. (1900), pp. 479-480, sec. 119. (4) The ordinance is not obnoxious to the objection that it contains more than one subject. The constitutional provision is inapplicable to an ordinance (Tarkio v. Cook, 120 Mo. 7; Traction Co. v. Chicago, 207 Ill. 544), but there is a charter provision to the same effect, which is also invoked. This ordinance is, however, not violative thereof. All its parts and provisions are germane to the one subject of regulating the sale of milk and cream. Such provisions are not intended to prevent the uniting in one bill of all matters germane to the general subject expressed in the title. St. Louis v. Weitzel, 130 Mo. 614; Bergman v. St. Louis Co., 88 Mo. 683; Senn v. Railroad, 124 Mo. 627; State v. Bockstruck, 136 Mo. 352; Lynch v. Murphy, 119 Mo. 169. Sound policy and legislative convenience dictate a liberal construction of the title and subject-matter of statutes and ordinances to maintain their validity.

*E. F. Stone* for defendant in error.

(1) The court did not err in sustaining defendant's motion to quash. Plaintiff undertakes to save his

pleading by endeavoring to show that this complaint comes within the rule laid down in City v. Tarwater, 143 Mo. 47. But that is not the case here. These offenses or requirements are mentioned conjunctively in the same section of the ordinance, are not of the same class and are charged conjunctively in one count. Both the registration and the license must be had and obtained and the fees in both paid, to secure the single "privilege" of conducting a milk business. Therefore, they are so connected and dependent that they must stand or fall together, because under the ordinance one is of no value without the other. Perhaps without both, the section would never have been enacted. Hence, if the court declares the license clause void, the registration clause is also void. The real question here is: Suppose the court finds the license clause void, the Assembly having conjunctively required both the license and registration to be obtained, before the privilege could be granted, could the court hold the section still valid and that the same privilege could be enjoyed by obtaining the registration alone? This would be legislating by the court. So that if the court finds the license regulation void for any reason, the whole section falls with it. (2) The ordinance requires the license fees to be paid to, and the license to be issued by the city collector, and it gives neither the license commissioner nor license collector any authority or duty in the premises. It does not conform to the State law in that it designates the wrong officer, or an officer not authorized by the State law, for collecting the license fees and issuing the licenses. Secs. 10 and 11, ord. 20808; Laws 1901, pp. 80-82; Dillon, Mun. Corp. (4 Ed.), sec. 781; Tiedeman, Mun. Corp., sec. 265, p. 516; City v. Wilcox, 35 Cal. 21. (3) In license matters milk dealers and vendors must be treated as other merchants. The city cannot impose a license different from, or in addition to, a regular mer-

chant's license. Milk vendors and dealers are nowhere specially named as taxable in the charter. Sec. 6256, R. S. 1899; sec. 26 (subdiv. 5), art. 3 of the Charter; Kansas City v. Grush, 151 Mo. 134. (4) The license herein provided for is not uniform upon all merchants or upon milk vendors in the city, and is void. Const. of Mo., art. 10, sec. 3; St. Louis v. Spiegel, 75 Mo. 146; Kansas City v. Grush, 151 Mo. 135; State ex rel. v. Ashbrook, 154 Mo. 395. (5) The production, sale and distribution of dairy products is a legitimate and lawful occupation or business, conducted as a matter of right and not as a privilege. Unusual and arbitrary restriction cannot be lawfully imposed upon it by ordinance, nor can harsh, expensive and burdensome provisions be enacted against persons engaged in an innocent and useful business so as to deprive them of the right to devote their property thereto and obstruct their freedom and liberty. Ex parte Withness, 98 Cal. 78; Matter of Jacobs, 98 N. Y. 110; State ex rel. v. Ashbrook, 154 Mo. 395. An ordinance cannot, without reason, arbitrarily infringe upon the liberty or the property rights of any person or class of persons within the protection of the Constitution, under the plea that is a police regulation for the protection of the public health. It must not go further than is necessary and appropriate, and must not require things to be done, burdens to be carried, property consumed or rights sacrificed when unnecessary for the protection of health. People v. Gillson, 109 N. Y. 389; Slaughter House Cases, 16 Wall. 106; State v. Julow, 129 Mo. 163; State v. Fisher, 59 Mo. 174.

GANTT, J.—This action was commenced in the First District Police Court of the city of St. Louis, for violation by defendant of section ten of Ordinance 20808, relating to the licensing and regulation of the sale of milk and cream and the inspection thereof, "by

carrying on the business of a vendor of milk and cream without a license, and by failing to register as such at the office of the Health Commissioner, and for failing to pay the registration fee.''

A motion to quash was lodged in the St. Louis Court of Criminal Correction, which was sustained, and the suit dismissed, from which action the plaintiff city appeals to this court. There are seventeen grounds assigned for quashing the action. Seven of these grounds to-wit, one, two, six, seven, eleven, fifteen and seventeen are abandoned in this court. The remaining general grounds are as follows:

"3rd. Because the ordinance upon which the prosecution is based and predicated is unconstitutional and void in that it is repugnant to the provisions of section 28, article 4 of the Constitution of the State, and also of section 13, article 3, of the charter of the city of St. Louis, in that said ordinance contains more than one subject and the subject-matter of said ordinance is not clearly expressed in the title of the same.

"4th. Because said ordinance is unconstitutional and void for the reason that the same is unreasonable in its provisions and it is practically impossible to comply with and enforce the same.

"5th. Because said ordinance is unconstitutional and void for the reason that it is repugnant to section 4 of article 2, and section 30 of article 2, of the Constitution of this State, in that it deprives the defendant of his natural rights to liberty and the enjoyment of the gains of his own industry and of his liberty and property without due process of law.

"8th. Because the said ordinance is unconstitutional and void in that the charter of the city of St. Louis contains no express grant to the Municipal Assembly of the city to enact the same.

"9th. Because said laws and ordinances upon which this prosecution is based are void and unconsti-

tutional in that they were enacted under and contain an unlawful delegation of power.

"10th. Because the laws and ordinances in question are void and unconstitutional in that they are class legislation and provide for taxation under the form and name of a license.

"12th. Because said ordinnace is void and unconstitutional for the reason that it is repugnant to section 1 of article 14 of the Amendments of the Constitution to the United States, in that it deprives the defendant of his liberty and property without due process of law and denies to him the equal protection of law.

"13th. Because the ordinance and section upon which the prosecution is based is unconstitutional and void because it designates the wrong officer to collect the license fee and is inconsistent with the State law, in that it gives neither the license commissioner nor license collector any authority or duty in the premises.

"14th. Because said ordinance and section upon which the charge herein is based and predicated is void and unconstitutional in this, it discriminates between merchants who sell and deal in different classes of merchandise and imposes a license upon milk vendors different from and in addition to regular merchant's license.

"16th. Section 10 upon which this prosecution is based is void and unconstitutional because it was not uniform in its operation upon all milk vendors or merchants and is unequal, unjust, oppressive and unreasonable.''

The record does not disclose upon which of the seventeen grounds the Court of Criminal Correction sustained the motion to quash the 10th section of Ordinance 20808, as follows:

"Section ten. Every person, firm or corporation who shall sell or offer for sale, expose for sale, dispose of, exchange or deliver or with the intent so to do as

aforesaid, have in his or her possession, care, custody or control, milk or cream, in or from any store, stand, booth, market place, milk depot, warehouse, dairy, cow stable or any building, erection or establishment of any kind, or shall transport, convey or deliver the same by wagon, carriage, or other vehicle, or by hand, shall first be licensed to do so, and shall register as a milk vendor in the office of the Health Commissioner, and pay to the City Collector the license fee provided for by this ordinance. Every person, firm or corporation selling or disposing of milk or cream at retail shall, within thirty days after this ordinance goes into effect, and semi-annually on the first Mondays of January and July thereafter, pay license fees as follows: Every milk or cream vendor shall pay for the privilege of conducting a milk business, a registration fee of one dollar per annum, and in addition thereto each vendor shall pay for every wagon or other vehicle from which milk or cream is sold or delivered, a semi-annual license fee of two dollars and fifty cents. And every vendor of milk or cream at wholesale, by which shall be understood, meant, and is hereby defined, a person or corporation selling to others milk or cream in quantities to any person, firm or corporation, of sixteen gallons or more on any one day, shall pay, semi-annually, as aforesaid, a wholesale license fee of twenty-five dollars. If any person, firm or corporation commence or engage in the traffic or handling of milk or cream at any periods other than those hereinbefore mentioned, he or they, before doing so, shall pay the pro rata license fees in their cases required, which license so issued, as well as other licenses herein required shall be good for a period ending with either the first Monday of January or the first Monday of July, as the case may be, following the issuance and delivery thereof. Every person, firm or corporation violating this section, or any of its provisions, shall be deemed guilty of a misdemeanor

and on conviction thereof, be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars for each and every offense.''

The information charged four distinct violations of this section 10: First. In failing to observe that part of said section forbidding the sale of milk without a license. Second. Failing to register as a milk vendor in the office of the Health Commissioner. Third. Failing to pay to the City Collector the license fee of one dollar for registration. Fourth. Failing to pay the semi-annual license fee of $2.50 for each wagon used.

There was no motion filed by the defendant to require a separate count for each of these offenses, nor any objection to their manner of statement in the petition. The motion to quash must be treated as a demurrer to the whole statement and if there is a good cause of action stated as to either one of the defaults complained of, it was error to dismiss the case. It may be well to remark here, that there was no evidence in the record that the defendant had already paid all that was required to pay a merchant's tax which authorized it to sell milk, or that there is any such license required. The learned City Counselor in this case waives the right to recover on the first and fourth violations, but insists that the motion to quash the whole case was erroneous because the second and third offenses, to-wit, the failure to register, and the failure to pay the one dollar registration and inspection fee, were based on valid provisions which were not rendered invalid even though the others were void.

I. The first assignment is that the Court of Criminal Correction erroneously dismissed the whole action. No motion to compel plaintiff to elect on which breach of the section it would rely was filed, and no objection was made on the ground of misjoinder in one count of the several breaches. In City of Gallatin v. Tarwater, 143 Mo. 40, this court, speaking of an ordinance, said: ''Separate and distinct offenses men-

tioned disjunctively in the same section, all of which are of the same class and punishable by the same penalty, may be charged conjunctively in one count, and such count will be sustained by proof of one of the offenses charged.'' To the same effect, see, also, Polinsky v. People, 73 N. Y. 65.

If, therefore, the complaint in this case alleged one or two breaches of valid provisions of the said ordinance, the court erred in quashing the whole action even though the motion was well taken as to other alleged breaches, but it is insisted that the section in question refers to both registration and license, and they are used conjunctively in the section, and are, therefore, not severable, and hence if one of the provisions is invalid then the whole section must fall. We cannot give our concurrence to this contention; that part of section ten of Ordinance 20808 requiring a vendor of cream and milk to register in the office of the Health Commissioner, and that part requiring the payment of one dollar as a registration fee, are clearly severable from the other provisions requiring the payment of a license tax. It has been uniformly ruled by this court that where the provisions of a statute or ordinance are severable and are not interdependent one upon the other, the whole will not be declared void because a part is invalid, but the void portions will be eliminated and the valid parts upheld and enforced, provided, this will not defeat the substantial object of the enactment. [St. Louis v. Railroad, 89 Mo. 44; City of Tarkio v. Cook, 120 Mo. 1; State v. Clarke, 54 Mo. 17; State v. Bockstruck, 136 Mo. 335.]

The provision requiring vendors of cream and milk to register with the Health Commissioner and pay a registration fee, was clearly a valid police regulation looking to the protection of the health and administering to the welfare of the public, and came strictly within the charter powers of the city of St. Louis, giv-

ing authority for the inspection of milk, and license from the inspector is a guarantee to the community that they can with safety purchase milk from the dealer thus registered and licensed. [St. Louis v. Fischer, 167 Mo. 654 (affirmed 194 U. S. 361).] This provision was clearly not a tax within the meaning of the law, but merely an inspection fee designed as a compensation for the service rendered. [Norfolk v. Flynn, 101 Va. 473; Morgan Steamship Co. v. Board of Health, 118 U. S. 455.]

The fact that the selling of milk is a lawful trade or business does not exempt it from reasonable police regulations. In Gundling v. Chicago, 177 U. S. 183, the Supreme Court of the United States tersely stated the recognized rule on this subject: "Regulations respecting the pursuit of a lawful business or trade are of very frequent occurrence in the various cities of the country, and what such regulations shall be and to what particular trade, business or occupation they shall apply, are questions for the city to determine, and their determination comes within the proper exercise of the police power by the State, and unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizens are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law, they do not extend beyond the power of the State to pass."

When it is considered that no article of food is more universally used by the public, and that no other article is perhaps so sensitive to atmosphere and vegetable influences as milk, and that it is within a common knowledge that impure milk is a fruitful source of disease and disorders, especially among children, it needs no discussion to show that the milk business is one which particularly falls within the power of the State and its municipality to regulate, and that the imposition

of one dollar a year for registration is in no sense an onerous or unjust burden, and is intended as a pure police measure to cover in part the cost of inspection of milk and cream, is too plain for discussion. We have no hesitancy in holding that the statement in so far as it charged a failure to register and the failure to pay the one dollar registration and inspection fee stated a good cause of action, and, therefore, the Court of Criminal Correction erred in quashing the whole case.

Nor is this section obnoxious to the objection that it infringes the charter provision requiring the subject-matter to be expressed in the title of the ordinance. This provision of the ordinance is clearly within the title and germane to the one controlling subject of regulating the sale of milk and cream. [State v. Bock-struck, 136 Mo. 335; Lynch v. Murphy, 119 Mo. 163; State v. Whitaker, 160 Mo. 59.]

II. It is, however, argued by defendant that the registration and license fees must both be paid to the City Collector, and that no one else can refuse so to issue licenses thereon, and that for this reason this provision of the ordinance is void because in conflict with an act of the Legislature, approved March 26, 1901, which created the office of License Collector and conferred upon him exclusive authority to collect the payment for all licenses and to issue licenses in the city of St. Louis. The answer to this contention is that there is no such officer as city collector, and that it is obvious from the ordinance itself that the person designated by that name is the license collector, and at most the provision of the section in this respect is an inaccurate designation of the proper officer who alone could be intended. There is then here no duty imposed nor authority conferred upon a wrong officer within the meaning of the argument of counsel for defendant and to sustain which he cites various authorities, but merely

a misnomer of the only officer authorized to collect the registration fee.

III.  Again it is insisted by the defendant that the action was properly dismissed because there was no authority in the city to license vendors of milk, and that they can only be classed as merchants, and be required to pay a merchant's license, and not being specifically named in the charter, a license cannot be imposed on that business.  Section 26, article 3, of the charter of St. Louis, expressly provides: ''That the Mayor and Assembly shall have power within the city, by ordinance not inconsistent with the Constitution or any law of this State, or of this charter, to make provision for the inspection of butter, cheese, milk, lard and other provisions, and to license, tax and regulate occupations and secure the general health.''  No more definite and adequate provision and authority could have well been given to the city to enable it to provide all reasonable regulations for the inspection of milk, and to exact a reasonable inspection fee therefor, and we have already ruled that, as to the inspection fee in this case, it is not a tax within the meaning of that term as understood in our Constitution and general statute. That the State, and this city under this specific grant of power, may make any business requiring police legislation pay the expense of regulating and controlling it, and that this may be done by exacting inspection fees from those engaged in the business, is no longer an open question in this country.  The authority will be found collated in a recent decision of the Supreme Court of Montana, in State v. McKinney, 74 Pac. 1095, l. c. 1099; State v. Bixman, 162 Mo. 1.

IV.  The constitutionality of the ordinance as a whole has been examined and sustained in the City of St. Louis v. Liessing, decided at this term and reported at page 464 of this volume, and we deem it unnecessary to again go over the various grounds upon which the

ordinance has been attacked, but refer to the discussion had in that case, and content ourselves with saying that for the reasons therein given the ordinance is valid and constitutional as to the various sections assailed in this and the other cases argued with it at the same time.

The result is that the judgment of the Court of Criminal Correction of St. Louis must be and is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Brace, C. J., Marshall, Burgess, Valliant, Fox* and *Lamm, JJ.,* concur.