VILLAGE OF NIXA to the use of J. B. McMULLEN, Respondent, v. H. M. WILSON, Appellant.

Springfield Court of Appeals, December 20, 1917.

1. **TAXATION: Poll Taxes: Demand and Refusal to Pay.** Where, on being asked to pay his poll tax by the street commissioner of the village, defendant replied: "To hell with the poll tax. He didn't pay no poll tax in the village of Nixa"—his answer was sufficient to show that a demand had been made and was refused.

2. **APPEAL AND ERROR: Record: Matters Presented for Review.** In a suit to collect a poll tax, a contention based on the fact that the village marshal was also street commissioner and collector would not be considered, where there was no mention of such question in the record proper or bill of exceptions.

3. **MUNICIPAL CORPORATIONS: Ordinances Levying Taxes: Validity.** Under Revised Statutes 1909, sec. 9447, providing that the board of trustees, of a town or village shall, from time to time, provide by ordinance for the levy and collection of poll taxes, an ordinance levying a poll tax of $3 on all male inhabitants of the village, and which, it was claimed, was merely a levy for the current year, was sufficient to justify the tax, though based on no general ordinance on the subject of poll taxes.

4. ———: **Ordinances: Effect of Partial Invalidity.** Where a general ordinance in section 1 provided that all able-bodied male persons between the ages of 21 and 60 should be liable for the poll tax, and in section 4 defined the duties of the street commissioner in the collection of poll taxes, the invalidity of section 1 under Revised Statutes 1909, sec. 9447, which only grants power to levy a poll tax on citizens between 21 and 50, did not render the whole ordinance invalid.

Appeal from Webster Circuit Court.—*Hon. C. H. Skinker,* Judge.

199 Mo. App.—3

AFFIRMED.

*Barrett & Moore* for appellant.

No Brief filed for respondent.

FARRINGTON, J.—This legal entanglement grows out of the refusal of the defendant to pay his three dollar poll tax to the village in which he resided levied for the year 1915. The cause originated in a justice court from which it went on appeal to the circuit court where the plaintiff village prevailed, and the defendant comes here complaining of error.

The evidence discloses that defendant was forty-eight years of age when the 1915 levy was made.

A question of fact was raised in the circuit court on the character of the notice and demand made by the village authorities on the defendant, but that question is put at rest as the court clearly defined the issue and the law in this connection in instructions 1 and 2.

Plaintiff's evidence shows that the street commissioner, acting under section 4 of ordinance No. 17, demanded payment of the poll tax of defendant, telling defendant he wanted to do some work on the road, and that defendant answered, "To hell with the poll tax. He didn't pay no poll tax in the village of Nixa." The answer alone is sufficient to show that a demand had been made and was refused.

Some question is raised in appellant's brief about the marshal of the village holding three offices, to-wit, marshal, street commissioner, and collector. This is a belated contention as no mention of it is contained in the record proper or bill of exceptions.

The nearest approach to a meritorious point raised by the appellant is that the whole proceeding is void because the ordinance under which the village was acting is void. The village on March 11, 1915, passed the following ordinance (No. 34):

"An Ordinance Relating to Poll Tax for the Year 1915.

"Be it ordained by the Board of Trustees of the Village of Nixa, Nixa, Missouri, as follows:

"Sec. 1. That a poll tax of $3 be and is hereby levied on all able-bodied male inhabitants in the village of Nixa, Mo., over *21* and under *50* years of age.

"Sec. 2. That said poll tax may be paid in money or labor.

"Sec. 3. This ordinance shall be in full' force and effect from and after its passage and approval of the Chairman of the Board of Trustees.

"Passed this the 11th day of March, 1915.

"Approved by the Chairman of the Board March 11, 1915."

This ordinance was introduced in evidence followed by the introduction of section 4 of ordinance No. 17, which defines the duties of the street commissioner in the collection of poll taxes, and then there was introduced the motion carried by the Board of Trustees ordering the village marshal to bring this suit.

Appellant contends, in the first place, that ordinance No. 34 is merely a levy for 1915 which must be based on a valid general ordinance, and then points to section 1 of ordinance No. 17 which reads as follows:

"All able-bodied male persons between the ages of *21* and *60* years who have resided within the corporate limits of this village 30 days next preceding the levy of any poll tax, for any fiscal year, shall be liable to the village for poll tax for the purpose of improving the streets, alleys and highways of this village."

It will be seen that the section just quoted designates those who are liable for a poll tax to be between *21* and *60* years of age, whereas section 9447, Revised Satutes 1109, grants only to villages the power to levy and collect a poll tax from citizens who are between *21* and *50* years of age.

The answer to this contention is that the passage of ordinance No. 34 is all that is needed to justify this tax as section 9447, Revised Statutes 1909, clearly indicates that such ordinances shall be passed "from

time to time," and hence the ordinance making the levy requires no general ordinance as a basis. Ordinance No. 17 is certainly valid in all respects except as to section 1 thereof. It is trite law that "where the provisions of a statute or ordinance are severable and are not interdependent one upon the other, the whole will not be declared void because a part is invalid, but the void portions will be eliminated and the valid parts upheld and enforced, provided, this will not defeat the substantial object of the enactment." [St. Louis v. Grafeman Dairy Co., 190 Mo. 1. c. 503, 89 S. W. 617, citing St. Louis v. Railroad, 89 Mo. 44, 1 S. W. 305, City of Tarkio v. Cook, 120 Mo. 1, 25 S. W. 202, State v. Clarke, 54 Mo. 17, and State v. Bockstruck, 136 Mo. 335, 38 S. W. 317.] It is held in State v. Bockstruck, last above cited, that a part of a law may be constitutionally invalid and the remainder of it valid, where the objectionable part may be properly separated from the other, and this is so although the valid and the invalid may be contained in the same section. [See also, City of St. Louis v. Waterloo-Carondelet Turnpike Co., 14 Mo. App. 216.] Therefore, after eliminating section 1 of ordinance No. 17 there is ample foundation upholding the suit for this poll tax. The judgment is affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.